A. K. FLORIDA, Respondent, v. PULLMAN PALACE CAR COMPANY, Appellant.

St. Louis Court of Appeals, November 19, 1889.

Contributory Negligence. Contributory negligence is an affirmative defense, and a plaintiff cannot be debarred from recovery on that ground, unless the evidence adduced by him raises an unavoidable inference of negligence on his part.

*Appeal from the St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Cochran, Dickson & Smith*, for the appellant.

The court should have declared, as a matter of law, that the plaintiff had been guilty of contributory negligence, and was not entitled to recover. *Root v. Car Co.*,

28 Mo. App. 199 ; *Wilson v. Railroad*, 32 Mo. App. 682 ; *Hills v. Railroad*, 31 A. & E. R. R. Cas. 108 ; *Dargan v. Car Co.*, 26 A. & E. R. R. Cas. 149 ; *Welch v. Car Co.*, 16 Abb. Pr. ( N. S.) 352 ; *Blum v. Car Co.*, 3 Cent. L. J. 591 ; *Whitney v. Car Co.*, 1 R. R. & Corp. L. J. 129.

*Christian & Wind*, for the respondent.

The only question raised by the appellant is that the placing of the clothing on the upper berth was contributory negligence, and that it matters not what may have been the negligence of appellant, no recovery can be had ; such is not the law. *Scaling v. Car Co.*, 24 Mo. App. 29 ; *Bevis v. Railroad*, 26 Mo. App. 19

ROMBAUER, P. J., delivered the opinion of the court.

This is an action for damages caused to plaintiff by defendant's negligence while a passenger in defendant's sleeping car.  The suit was instituted before a justice, and, upon a trial anew in the circuit court, the plaintiff recovered judgment for eighty-two dollars and fifteen cents, being the aggregate value of the property hereinafter specified.  The only error assigned, and argued by the defendant on this appeal, is that the court should have declared as a matter of law that the plaintiff had been guilty of contributory negligence, and was not entitled to recover.

The plaintiff's evidence tended to show the following facts :  He purchased a ticket entitling him to the use of one lower berth in defendant's sleeping car from St. Louis to Moberly, Missouri.  Before retiring for the night he placed his coat and trousers, in the pockets of which were a set of false teeth, a pair of gloves, a pocket knife, an abstract of title and seventeen dollars in money in the vacant upper berth immediately over that occupied by himself, the use of which upper berth

he had not purchased or secured. When the plaintiff awoke at Moberly, he found that his coat and trousers, with all the articles they contained, were stolen while he was asleep. The plaintiff also gave evidence tending to show that he traveled in defendant's cars between St. Louis and Moberly as often as once a week; that he was always in the habit of placing his clothing, upon undressing, in the berth above the one he occupied himself, provided such berth was vacant. There was no evidence in the case that the defendant's servants had express notice of the fact that the plaintiff made such disposition of his wearing apparel on the present occasion, nor was there any evidence that the place where he thus placed his clothing was an unsafe place, nor that the company had provided a safer place as a receptacle for the passenger's clothing.

These being all the material facts of the case, bearing upon the only question presented for our decision, we must conclude that the court committed no error in refusing to declare as a matter of law that the plaintiff could not recover. Contributory negligence in this state is an affirmative defense, and before the plaintiff can be debarred of his recovery on that ground the testimony adduced by him must be such that the facts raise an unavoidable inference of negligence on his part. In all other cases the question is one for the determination of the jury. *Scaling v. Pullman Palace Car Co.*, 24 Mo. App. 29, 35.

In the very nature of things, a passenger cannot guard his wearing apparel and baggage while he is asleep. What was said about a mixed custody of the passenger and the company in *Root v. Sleeping Car Co.*, 28 Mo. App. 209, must be confined to the passenger while awake, otherwise the term sleeping car would be a misnomer, and the very fact that the passenger fell asleep would constitute an act of contributory negligence. In the absence of all evidence that the place

selected in this instance was an unusual or dangerous place for a deposit of the passenger's wearing apparel or that the passenger knew, or had reason to know, that it could not, or would not, be as effectually guarded there, as in any other place where he might have deposited it, there was no warrant whatever for withdrawing the plaintiff's case from the consideration of the court, sitting as a jury, on the ground of his contributory negligence.

All the judges concurring, the judgment is affirmed. So ordered.