HENRY LINK, Respondent, v. HENRY F. HARRINGTON, Appellant.

St. Louis Court of Appeals, December 8, 1891.

1. **Witness:** DISREGARD OF TESTIMONY OF WITNESS WHO TESTIFIES FALSELY. Where a witness wilfully swears falsely to a material fact, the trier of the fact may disregard his whole testimony, but is not bound to do so.

2. **Practice, Appellate:** RES ADJUDICATA. If, upon the appeal of a cause the evidence is *held* sufficient to warrant the submission of the cause to the jury, this ruling is conclusive on a retrial of the cause.

3. **Construction of Terms of a Bill of Sale.** An insolvent debtor made a bill of sale to one Henry Link, to pay a *bona fide* debt, which, among other things, included the fixtures and stock of cigars and liquors in his saloon and was constructively fraudulent as to this stock. Owing to its invalidity in this respect, he shortly thereafter executed a second bill of sale covering all the fixtures, cigars and liquors in said saloon "not heretofore sold to said Henry Link." *Held,* that this expression was not intended to exclude all the property covered by the first bill, but only such property, if there was any, as to which the first bill of sale was valid.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Sale & Sale,* for appellant.

*H. A. Haeussler* and *Cecil V. Scott,* for respondent.

BIGGS, J.—This is the second appeal in this case (*Link v. Harrington,* 41 Mo. 635). Our opinion on the first appeal contains a full statement of the facts out of which this litigation has arisen. The judgment then as now was for the plaintiff, and it was reversed solely on the ground, that the trial court erroneously attached a clause modifying one of the plaintiff's instructions. In disposing of this action of the court and of the case, Judge ROMBAUER said: "It is thus shown that the defendant's complaint is just; that the declaration of law made by the court, and hereinabove recited, was erroneous and prejudicial to him,—in brief that the court did not apply the law correctly to the hypothetical facts. Under the facts shown by the record before us, the validity of the plaintiff's title rests on the validity of the sale made November 19 as against creditors of the vendor. The validity of that sale must be determined by the fact, whether under all the circumstances it was made in good faith and supported by an independent adequate consideration." It will be

thus seen that under the first opinion the main question left for determination on a retrial was, whether the bill of sale of November 19 was made in good faith and supported by an independent adequate consideration.

It is conceded that, in the main, the evidence on the last trial was the same as on the first. The defendant, however, insists that the additional evidence adduced at the last trial completely discredits the testimony of the witness Merrill, upon which the judgment of the court must of necessity rest.

At the close of the evidence the defendant asked the following instruction: "The court declares the law to be that, under the evidence, the plaintiff is not entitled to recover any of the goods and chattels sued for, that are mentioned in the bill of sale dated November 12, 1885, or in any of the mortgages from Alexe to the Joseph Schnaider Brewing Company, read in evidence." The court refused the instruction and the defendant excepted.

The defendant also asked, and the court gave, the following instructions: "1. If the court sitting as a jury should believe that the bill of sale, dated November 19, 1885, was executed by Alexe and received by the plaintiff for the purpose of securing *bona fide* debts due from said Alexe to the Joseph Schnaider Brewing Company; yet, if the court further finds from the evidence that any part of the purpose of Alexe in making such bill of sale was to keep off his creditors, or to hinder or delay them in collecting their debts against Alexe, or to cover up the property of Alexe from his other creditors, and that the plaintiff or other representatives of said brewing company assisted or participated in carrying out the said purpose of Alexe, then judgment must be for the defendant.

"2. The court declares the law to be that, while a debtor has the right to transfer his property or any part thereof to one of his creditors in payment of a just debt to the exclusion of his other creditors, yet such transfer must be made in good faith for

that purpose only, and he will not be permitted in such disposition of his property to reserve to himself any benefit or secret use thereof. If, therefore, the court believes from the evidence that Frank Alexe, under pretense of preferring plaintiff as a creditor, transferred to him the goods in controversy under an agreement with plaintiff Link, that, after plaintiff had paid himself or received payment out of the goods so transferred, the remainder of such goods or the surplus left after payment of plaintiff's debt should be turned over to said Alexe, then such transfer is altogether void and judgment must be for the defendant.

"3. If the court sitting as a jury should find from the evidence that the bill of sale of November 19, 1885, was made with the secret understanding between Link and Alexe, that, notwithstanding the execution of such bill of sale, Alexe was to have some interest in the property thereby conveyed, then the said bill of sale is void as against defendant."

The cause was submitted to the court without a jury, and there was a finding and judgment in plaintiff's favor for all the goods. The defendant has appealed.

In the first assignment the defendant challenges the sufficiency of the evidence to support the verdict. His contention now is that the undisputed testimony shows that Alexe transferred the property to Link with the avowed intention or purpose to hinder and delay other creditors of Alexe, and that Link participated in this design; and, further, that there was a secret condition or reservation in the sale, by which a beneficial interest in the property was reserved to Alexe.

The defendant failed to ask the court to instruct the jury according to his present contention concerning the evidence, but, as will be seen by his instructions, he submitted the case, as if the two issues were fairly debatable. However, one of the grounds for a new trial was that the finding was against the evidence, which

gives the defendant the right to have this question reviewed by us. In fairness to the trial judge the matter ought to have been directly called to his attention at the close of the evidence.

We decided on the first appeal that the plaintiff's evidence was sufficient to carry the case to the jury. That is, we decided that there was sufficient evidence to authorize the jury to find that it was *not* the purpose of Alexe in giving the bill of sale of November 19, or the previous bill of sale and mortgage of November 12, to hinder or delay other creditors ; or, if such was Alexe's purpose, that the brewing company or Link as its agent did not participate. We only decided, in reference to the bill of sale of November 12, that it was constructively fraudulent against other creditors of Alexe, because its execution was not accompanied with possession of the property attempted to be sold, and for the further reason that the evidence tended to prove that it was for the grantor's use. We also decided that as to the stock the mortgages were also constructively fraudulent, but that the evidence tended to prove that in other respects they were executed for full value. We also decided that there was some substantial evidence tending to prove that the bill of sale of November 19 was intended as an absolute conveyance, based on a stated consideration without any secret reservations in behalf of Alexe. Our opinion was based chiefly on the deposition of Merrill, who represented the brewing company in the various transactions.

It is now claimed by the defendant that the testimony of Merrill was entirely discredited on the second trial by the books of the brewing company and by the testimony of the bookkeeper of the company. Merrill's deposition was taken some time after the transactions and after his removal from St. Louis. He made the statement that the mortgage for $750, given by Alexe to the brewing company on the twelfth of November, was for *cash loaned*. On the second trial

the books showed, and th e bookkeeper so testified, that the brewing company did not loan Alexe $750, but on that day assumed that amount or more of Alexe's indebtedness, and that the mortgage was given to secure the brewing company in its undertaking, and that the company afterwards paid indebtedness thus assumed in excess of the amount secured by the mortgage.

The argument is now made, if we rightly understand the defendant's counsel, that it was the absolute duty of the trial judge to discard the whole testimony of Merrill, for the sole reason that he had testified falsely to the effect that the mortgage of November 12 was given to secure a *cash loan.* We understand the rule to be that, where a witness wilfully swears falsely to any material fact, the triers of the fact *may* disregard his whole testimony, but they are not compelled to do so. Practically, there was no material difference to the creditors represented by the defendant or to the parties concerned in the transaction, whether the cash was paid to Alexe, or whether the brewing company assumed to pay, and did pay, *bona fide* indebtedness of Alexe. Nor can we say that Merrill *wilfully* made the false statement. He did not have the books before him, and his testimony was given some time after he had left the service of the brewing company. However, these questions were for the trial judge. He, in arriving at his finding, evidently considered Merrill's testimony, and as the defendant concedes that, with the exception above stated, the evidence on the last trial was substantially the same as that on the first, we must decide that the plaintiff's evidence was sufficient to authorize the submission of the case. *Leesor v. Boekhoff,* 38 Mo. App. 445.

The bill of sale of November 19 reads: "Know all men by these presents that I, Frank Alexe, of the city of St. Louis, Missouri, in consideration of the sum

of $50 to me paid, the receipt of which is hereby acknowledged, have sold, assigned, transferred and set over, and by these presents do sell, assign, transfer and set over unto Henry Link, all the glassware, silverware, furniture and fixtures, cigars and cigarettes, wines and liquors, and all other goods and chattels of every description, now in the saloon; also, all stoves and fixtures in the four-story brick building at the southeast corner of Seventh and Olive streets in said city of St. Louis, *not heretofore sold to said Henry Link*," etc.

It is urged by the defendant, and it constitutes his second assignment, that the recovery in the present action should have been confined to property not included in the bill of sale to Link of November 12, upon the idea that the goods mentioned therein must be considered as goods "heretofore sold to Link" within the terms of the last bill of sale, although the first bill of sale did not pass the title to the goods as against Alexe's other creditors. We do not think that this construction is a fair one, when the purpose of the last bill of sale and the business relations between Alexe and the brewing company are considered. The evidence tends to show that the brewing company, whose agent Link was, had established Alexe in business and had carried him during the entire time he ran the hotel and saloon. The purpose of the mortgages and the first bill of sale was to secure the brewing company in preference to other creditors in the payment of its large indebtedness against Alexe. But, when it was found that the bill of sale was no protection against other creditors, with Alexe in possession, the parties determined to make an unconditional transfer which was evidenced by the last bill of sale. Hence we think that the words "not heretofore sold to said Henry Link" in the last bill of sale ought to be construed to mean those goods, if any, which had not been legally transferred to Link, that is, by such a transfer

as was effective against other creditors of Alexe. We will, therefore, rule this assignment likewise against the defendant.

The judgment of the circuit court will be affirmed. All the judges concurring, it is so ordered.