JAMES SMITH, Respondent, v. THE CITY OF BUTLER, Appellant.

Kansas City Court of Appeals, April 4, 1892.

1. **Practice**: OBJECTIONS TO REMARKS OF COUNSEL. When the court in the presence of the jury declares on objection the remarks of counsel to be improper, this is sufficient.

2. **Contributory Negligence**: KNOWLEDGE OF PLAINTIFF. The mere fact ' of plaintiff's knowledge' of the defective condition of a sidewalk ought not to debar him from recovery for injuries occasioned thereby.

3. **Damages**: CONDITION IN LIFE: INSTRUCTION. An instruction permitting the jury to consider plaintiff's condition in life, in estimating his damages, is not objectionable.

4. ———— : INSTRUCTIONS COVERED BY OTHERS. Passing by the propriety of giving an instruction relating to contributory negligence, as set out in the opinion, the question of contributory negligence is *held* to have been sufficiently submitted to the jury in other instructions, also set out in the opinion.

5. **Damages**: EXCESSIVE. Damages in this case *held* not to be excessive.

6. **Evidence**: CONDITION OF SIDEWALK. It was not reversible error in this case to permit witness to testify to the condition of the sidewalk at other places than the place of accident.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*W. W. Graves*, for appellant.

(1) The remarks of counsel for plaintiff in his statement of the case, concerning plaintiff's financial condition and the dependence of his family, were improper and highly prejudicial to this defendant. *Overholt v. Vieths*, 93 Mo. 422; *Winters v. Railroad*, 39 Mo. 468. (2) The evidence shows that plaintiff

had full knowledge of the condition of his walk at the time of, and prior to, the accident, and further shows that there was at least one other practicable and convenient route for him to go to and from his residence to his place of business. This knowledge makes his act, in passing over the walk, after night and in the dark, contributory negligence upon his part, and the demurrer to the testimony should have been sustained. *Parkhill v. Town of Brighton*, 61 Iowa, 103 ; *Brucker v. Town of Covington*, 69 Ind. 33 ; *Schoefler v. City of Sandusky*, 33 Ohio St. 246 ; *City of Quincy v. Baker*, 81 Ill. 300 ; *City of Erie v. Magill*, 47 Am. Rep. 739 ; *Harris v. Township of Clinton*, 64 Mich. 447. (3) Plaintiff's instruction, numbered 6, is misleading, and does not declare the law. Plaintiff's "condition in life" is not a matter for consideration in estimating his damages. Such a clause in an instruction strikes a jury as permitting them to consider his financial condition, which is highly improper and prejudicial. *Overholt v. Vieths*, 93 Mo. 422 ; *Winters v. Railroad*, 39 Mo. 468. (4) Defendant's instruction, numbered 8, refused by the court, declared the law, and should have been given. There can be no degrees of contributory negligence. If plaintiff's negligence in any degree contributed to the accident, defendant is not liable. (5) Under all the evidence the verdict is excessive and exorbitant, and the motion for new trial should have been sustained upon that ground if upon no other. The three physicians appointed by the court could discover no traces of anything but trifling injuries. *Adams v. Railroad*, 100 Mo. 569 ; *Furnish v. Railroad*, 102 Mo. 438 ; *State v. Primm*, 98 Mo. 368 ; *Spohn v. Railroad*, 87 Mo. 74 ; *Whitsett v. Ransom*, 79 Mo. 258 ; *Garrett v. Greenwell*, 92 Mo. 120. (6) Witness Inez Smith was permitted to testify to the condition of the entire walk upon the north side of Pine street, in front of Dr. Pyle. This testimony was improper and defendant's objections thereto should have been sustained. The testimony

should have been confined to the alleged place of injury. The condition of the walk at other places does not sustain negligence at the point alleged, and such evidence is prejudicial. *Hipsley v. Railroad*, 88 Mo. 354; *Kinney v. Railroad*, 70 Mo. 251; *Mosby v. Railroad*, 68 Mo. 470; *Cowl v. Railroad*, 60 Mo. 227; *Lester v. Railroad*, 60 Mo. 255; *Reed v. Railroad*, 45 N. Y. 574.

*Francisco Bros.* and *W. G. Rose*, for respondent.

(1) Remarks of counsel for plaintiff complained of were not prejudicial or improper. (2) Mere knowledge of the defect of the walk on the part of plaintiff at the time of and prior to the injury is not, of itself, sufficient to presume negligence, but is only a fact to be submitted to the jury for their consideration, which was properly done in this case. 9 Am. & Eng. Enc. of Law, p. 398, note, and cases cited; *City of Emporia v. Schmedling*, 7 Am. & Eng. Corp. Cases, p. 86; *Walker v. City of Kansas*, 99 Mo. 647; *Maltby v. Leavenworth*, 28 Kan. 740; *Maw v. Twp. of King & Albion*, 2 Am. & Eng. Corp. Cases, 676. (3) Instruction, numbered 6, given on behalf of plaintiff, is not misleading, but properly declares the law, and is an exact copy of the one approved by the supreme court in *Russell v. Inhabitants of Columbia*, 74 Mo. 480. (4) Ordinary care and prudence on part of the plaintiff at the time is all that the law requires of him, and that is a question for the jury under proper instruction. *Taubman v. City of Lexington*, 25 Mo. App. 218; *Craig v. City of Sedalia*, 63 Mo. 417; 61 Mo. 591, 592. (5) The verdict is not excessive. There is evidence tending to show permanent injury to plaintiff's head as well as physical pain and suffering and loss of time and doctor's bill. (6) The testimony of Inez Smith as to the condition of entire walk in front of Dr. Pyle's residence was proper, as tending to show condition at place of injury, and defendant introduced similar testimony.

ELLISON, J.—This action is for personal injury received by plaintiff while traveling over one of defendant's sidewalks and charged to have occurred by reason of the defective condition of such walk. Plaintiff recovered, and defendant appeals.

Objection is urged to remarks of plaintiff's counsel in opening the case. The remarks were objected to at the time by calling the court's attention thereto. The court thereupon declared them, in the presence of the jury, to be improper. This, under the circumstances, was sufficient. The remarks were not so far prejudicial to defendant as to have justified the discharge of the jury and calling another.

We are satisfied that the mere fact of plaintiff's knowledge of the defective condition of the sidewalk ought not to debar him from a recovery. The question of plaintiff's care, prudence and caution was properly embodied in the instructions.

The criticism made of instruction, numbered 6, for plaintiff, that it permitted the jury to consider plaintiff's "condition in life," cannot be sustained. It has frequently been held by the supreme court and by this court, since *Russell v. Columbia*, 74 Mo. 480, that such words in an instruction fixing the measure of damage were not objectionable.

The court refused for defendant the following instruction: "If the jury believe from the evidence that plaintiff failed to exercise ordinary care under the circumstances detailed in evidence concerning the injury complained of, even the slightest, contributing to in any degree, even the smallest, as a proximate cause, of the injury for which this action is brought, then the plaintiff is not entitled to recover in this action, and the jury must find in favor of the defendant."

Passing by any question as to the propriety of giving an instruction of the peculiar phraseology in which this one is framed, it is sufficient to say that all that

defendant was entitled to in this respect was embodied in the following, which was given at its instance: "The court instructs the jury that the burden of proof in this case devolves upon the plaintiff, and before you can return a verdict in his behalf you must find from the evidence: *First.* That plaintiff was injured by reason of the defect in defendant's sidewalk, at the place alleged in petition. *Second.* You must further find that such defect was known to defendant or its servants prior to such accident, or had remained in such condition such length of time, that defendant through its agents and servants could by the exercise of ordinary care and caution upon their part have discovered the same in time to have repaired it, and failed to do so, and that such injury was occasioned by such failure upon the part of defendant to repair such defect. *Third.* You must also find that said plaintiff at the time he received the injury complained of was exercising such care and caution as an ordinarily prudent person under the circumstances would have exercised; and unless you find all these facts in favor of said plaintiff and against defendant your verdict should be in favor of defendant."

Complaint is made that the damages are excessive. We do not agree to this. Actual damages and expense was shown to be in excess of $100, while the entire verdict was only $450.

We have noted other objections, including that to the testimony of witness Smith, but find nothing which would justify us in disturbing the judgment, and it is accordingly affirmed. All concur.