Unterberger v. Scharff.

---

HENRY UNTERBERGER, Respondent, v. LAZARUS SCHARFF, Appellant.

St. Louis Court of Appeals, November 9, 1892.

1. **Practice, Appellate**: EXCESSIVE DAMAGES. Appellate courts are reluctant to interfere with verdicts in actions for slander, on the ground that the damages are excessive, unless the damages are so excessive as to clearly indicate prejudice. And *held* that in this cause, wherein the slander consisted of a charge of theft, a verdict for $1,500 was not so excessive as to justify a reversal by this court.

Unterberger v. Scharff.

2. ———: ———: REMITTITUR IN TRIAL COURT. Where a *remittitur* is made by the plaintiff in the trial court in such an action, the appellate court will consider the original amount of the verdict in determining whether the verdict is excessive.

3. **Practice, Trial:** REQUIRING A REMITTITUR. While a trial court has the power to require a *remittitur* of a part of the verdict as a condition to the overruling of a motion by the defeated party for a new trial, the exercise of the power is not approved, and it is *held* to be the better practice for the trial court to sustain or set aside the verdict as a whole.

4. **Slander:** PLEADING. Where words charged to be slanderous are not actionable in themselves, it is incumbent upon the plaintiff to allege that they were intended in a sense which made them actionable, and were so understood by the hearers and bystanders.

5. ———: PLEADING AND PROOF. A plaintiff in an action of slander is not required to prove all the defamatory words of which he complains. It suffices if he proves enough of the exact words charged in the petition, or substantially the same words which contain the *gravamen* of the charge made.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Lubke & Muench,* for appellant.

(1) The trial court erred in giving the plaintiff's first instruction, particularly the part in italics in the appellant's statement. There was a fatal variance. This instruction authorized a verdict for the plaintiff, notwithstanding that there was a variance between the pleadings and the proof. When slanderous words are laid as spoken in reference to a particular occasion or transaction they must be proved substantially as laid. It is error to admit proof of a general charge. By limiting his charge the plaintiff also limits the defense, and it will be palpably unjust to allow a different charge to be given in evidence, or to allow a recovery on it. *Emery v. Miller,* 1 Denio, 208; *Payson*

*v. Macomber,* 3 Allen, 69; *Phillips v. Beene,* 16 Ala. 720; *Edgerly v. Swain,* 32 N. H. 479; *Evarts v. Smith,* 19 Mich. 55. The words laid must be substantially proven. *Berry v. Dryden,* 7 Mo. 324; *Street v. Bushnell,* 24 Mo. 329. If they constitute an entire charge they must be proven as laid. *Coghill v. Chandler,* 33 Mo. 115. (2) The trial court erred in giving the plaintiff's third instruction, particularly that part which is also in italics in appellant's statement. Because this instruction singled out particular evidence, drew attention to and commented on it. This is error. *Jones v. Jones,* 57 Mo. 138; *Miller v. Marks,* 20 Mo. App. 369; *Kingsland v. Iron Co.,* 29 Mo. App. 526; *Blair v. Railroad,* 31 Mo. App. 224; *Leeser v. Boeckhoff,* 33 Mo. App. 238; *Williams v. Stephens,* 38 Mo. App. 163. (3) The trial court erred in the fifth instruction given for plaintiff. That instruction remitted the jury to the petition to find the words in issue. *Remmler v. Shenuit,* 15 Mo. App. 192, and cases cited. (4) The trial court erred in refusing to sustain absolutely defendant's motion for a new trial on the last six grounds specified in the motion. When the verdict is so opposed to the evidence and to the probabilities arising from all the circumstances that it can be accounted for only on the theory that the jury disregarded the instructions of the court, it must be set aside. *Friesz v. Fallon,* 24 Mo. App. 439. When it is so grossly excessive as to indicate that defendant's side of the case has not been considered, even a *remittitur* will not cure the error, but there must be a new trial. *Doty v. Steinberg,* 25 Mo. App. 334. If it is contrary to the necessary effect of the evidence and instructions, prejudice or bias will be inferred, and the verdict set aside. *Rottman v. Pohlmann,* 28 Mo. App. 408. If it is opposed to the great preponderance of the evidence and the probabilities, it will be set aside by the appellate court. *Clark v. Fairley,* 30 Mo. App.

335. A *remittitur* cannot cure a verdict based on a disregard of the evidence and law. *Koeltz v. Bleckman*, 46 Mo. 320. Where the evidence against it is cogent, the verdict will be set aside by the supreme court as being against the weight of the evidence. *Garrett v. Greenwell*, 92 Mo. 120; *Whitsett v. Ransom*, 79 Mo. 259. A *remittitur* will not be allowed where a verdict for damages is so excessive as to show passion or prejudice; it must be set aside entirely. The court cannot say what portion is poisoned with prejudice and passion. It is not the court's province to assess the damages. If any part is set aside the integrity of the verdict is destroyed, and the court cannot render another and different verdict. *Gurley v. Railroad*, 104 Mo. 233, 234. A *remittitur* cannot be allowed in a case which "affects damages which are incapable of being definitely fixed by an exact money standard, as in a case of a recovery for personal injuries." *Schmitz v. Railroad*, 46 Mo. App. 393.

*Carlisle & Ottofy*, for respondent.

In a case for slander the words that contain the poison to the character must be proved as laid; it is not necessary to prove that all the words were uttered. Proof of enough words to constitute the offense charged to have been imputed is sufficient. *Baldwin v. Fries*, 46 Mo. App. 292, 293, and cases cited; *Lewis v. McDaniel*, 82 Mo. 577; *Mix v. McCoy*, 22 Mo. App. 494; *Clement v. Maloney*, 55 Mo. 352; *Casey v. Aubuchon*, 25 Mo. App. 93; *Wood v. Hilbish*, 23 Mo. App. 399. (2) An appellate court will not review the weight of evidence in an action at law, when there is substantial evidence in support of the verdict. *Polhans v. Railroad*, 45 Mo. App. 153; *McCartney v. Ins. Co.*, 45 Mo. App. 373; *Pohlman v. Tilden*, 44 Mo. App. 570. Appellate

courts will not disturb a verdict on the ground that it is against the weight of evidence, unless the preponderance is so great as necessarily to imply passion, prejudice or partiality. *Empey v. Cable Co.*, 45 Mo. App. 422, and cases cited; *Adler v. Wagner*, 47 Mo. App. 25; *Gurley v. Railroad*, 104 Mo. 211; *Hanlon v. Railroad*, 104 Mo. 381; *Duggan v. Railroad*, 46 Mo. App. 266; *Wills v. Railroad*, 44 Mo. App. 59; *Henderson v. Fox*, 83 Ga. 233; *Crate v. Docora*, 15 N. Y. S. 607. (3) The trial court having reduced the judgment, the appellate court should not interfere. *Furnish v. Railroad*, 102 Mo. 455. (4) The reference to the petition in the instruction complained of was not such a remittal as to constitute error. *Cocker v. Cocker*, 2 Mo. App. 459; *Corrister v. Railroad*, 25 Mo. App. 628; *Edelman v. Trans. Co.*, 3 Mo. App. 505–6.

ROMBAUER, P. J.—This is an action of slander. The plaintiff recovered a verdict for $1,500, but, upon suggestion of the court that it would sustain the defendant's motion for a new trial, unless the plaintiff would remit one-half of his recovery, the latter remitted $750, and judgment was entered for the residue. The errors assigned by the appealing defendant are that the court erred in permitting this *remittitur* to be entered, and ought to have sustained the motion for new trial unconditionally, because the verdict was grossly excessive, opposed to the evidence and the probabilities arising therefrom, and evidently the result of bias; also, that the court erred in its rulings on the evidence and instructions.

The plaintiff was a clerk in defendant's employ, and the petition states the defamatory matter as consisting of the following words spoken by the defendant to plaintiff as parts of the same conversation in the presence and hearing of others: "What did you sell

the butcher?" and, upon the plaintiff's replying, "Nothing," the defendant added: "You are a liar; you did, and stuck the money in your pocket;" and, also, "You are a thief; get out of here!" The answer was a general denial.

Upon the trial, the plaintiff testified to all the words as charged in the petition. One witness for plaintiff testified that on that occasion the defendant called the plaintiff a thief and ordered him to get out, saying that he did not want a thief like that in that department. This witness disclaimed hearing the conversation about the butcher, but stated, on cross-examination, that the words used were: "You are a thief; get out of here, or else I will have you arrested!" The plaintiff also proved by another witness, by way of aggravation, that the defendant subsequently, in a conversation when plaintiff was not present, spoke of him as "a damned thief." The plaintiff gave no evidence of special damages.

The defendant denied on the stand the entire conversation in regard to the butcher, and having called the plaintiff a thief *at any time*. On this last point his testimony was not only in conflict with that of plaintiff, but also with that of two of plaintiff's witnesses, one of whom at least was a stranger to all the parties, and seemed wholly disinterested. Besides the defendant, Mrs. Lennartz, and her son, and another clerk for plaintiff, testified to the conversation, giving the same version of it as the defendant did. In view of the fact, however, that the plaintiff has another action for defamation pending against Mrs. Lennartz, neither that person nor her son can be considered as wholly unbiased witnesses, and, in view of the further fact that Mrs. Lennartz testified on her direct examination to a statement made by Scharff in the Hebrew language, and was bound to admit on cross-examination that she did not speak or

understand Hebrew, the jury were justified in taking her testimony with great caution.

All of the defendant's witnesses detailed the entire conversation which took place on that occasion. Their version, as well as that of the defendant, was that the whole conversation related to the sale of a pair of shoes which the defendant claimed the plaintiff had sold for $2.50, of which he placed only $2 in the money drawer, retaining the fifty cents. The defendant compelled the plaintiff to hand him these fifty cents, which is a fact admitted by all the testimony. The plaintiff claimed that he paid fifty cents, although it was unjustly extorted from him, rather than to submit to the disgrace and inconvenience of the threatened arrest.

The court was at first inclined to confine the defendant to a simple denial of the speaking of the words charged in the petition, but subsequently permitted him to detail the entire conversation which took place on that occasion between himself and the plaintiff. The latter course was correct, and we see no warrant for disturbing a verdict on the sole ground, that the court at first excluded this evidence but subsequently admitted it. We have stated the evidence thus fully, in order to show that this is not one of the cases wherein we would be warranted in setting aside the verdict on the ground that it was so opposed to the evidence, and all the probabilities arising therefrom, as to show clearly that it was the result of bias or prejudice on the part of the jury. Nor can we say that the mere fact that the jury brought in a verdict for $1,500, when plaintiff had given no evidence of special damages, and that the trial court was of opinion that the verdict was excessive, justifies us in vacating it altogether. The case, therefore, does not fall within the rule stated in *Friesz v. Fallon*, 24 Mo. App. 439, nor the one in *Doty v. Steinberg*, 25 Mo. App. 334. The defendant in this

case was shown to be a man of standing in the mercantile community, worth, according to his own estimate, at least $75,000, and we cannot say as a matter of law that a verdict of $1,500 for direct injuries resulting from this statement, that plaintiff was a thief, was so excessive as to bear upon its face the marks of prejudice. A verdict for the same amount, under similar circumstances, was upheld in *Henderson v. Fox*, 83 Ga. 233, and a verdict for $5,000 was upheld by the supreme court in *Buckley v. Knapp*, 48 Mo. 159, for charging a woman with want of chastity, although no special damages were shown. The question of damages in this class of actions is one eminently for the jury, and courts are reluctant to interfere, unless the damages are so excessive as to clearly indicate prejudice. We do not desire to be understood as saying that the trial court could by compelling a *remittitur* of one-half of the recovery make the verdict less subject to the charge of bias shown by excess. For the purpose of determining that question, we have to treat the verdict as one for $1,500. Nor do we approve the practice of avoiding a new trial by forcing a *remittitur*, unless the computation of damages is erroneous owing to some oversight or miscalculation. The better practice in such cases on the part of the trial court is to sustain or set aside the verdict as a whole. What the supreme court said in *Gurley v. Railroad*, 104 Mo. 211, applied to a *remittitur* in an appellate court, and has no application to conditional orders sustaining motions for new trial in trial courts, whose functions in that respect are different. These observations lead to the result that we are not justified in vacating the verdict on the ground of prejudice as evidenced by the award of damages.

The court, upon plaintiff's motion, gave the following instruction, to which the defendant excepted and still excepts: "The court instructs the jury that, if they

find from the evidence that, on the thirtieth day of September, 1891, or about said date, the defendant did in a store or public place in the city of St. Louis, and in the presence and hearing of other persons, speak the following words to and concerning plaintiff; that is to say: "What did you sell the butcher?" to which plaintiff replied, 'Nothing,' and that thereupon defendant said to plaintiff, 'You're a liar; you did, and stuck the money in your pocket,' and that thereby defendant meant, and it was so understood by those present, that plaintiff had embezzled or stolen money, or if the jury find that at said time and place and in the presence of others defendant spoke of and concerning the plaintiff the following: 'You're a thief, get out of here;' then they will find a verdict for the plaintiff."

This instruction was erroneous. It was framed to meet the plaintiff's first petition, which charged the speaking of the words: "What did you sell the butcher," and "You are a liar; you did, and stuck the money in your pocket," as a distinct slander unconnected with the words, "You are a thief." The amended petition charged the two defamatory statements as part of the same conversation. But neither the original nor the amended petition charged that the hearers understood the speaking of the first words as charging the plaintiff with larceny or embezzlement, nor was any evidence adduced by the plaintiff that the meaning of the words was thus understood. This instruction, therefore, in embodying the statement that if the jury found that "it was so understood by those present" that the defendant by speaking of the words, "You are a liar; you did, and stuck the money in your pocket," meant to charge that plaintiff had embezzled or stolen the money, went beyond anything that was stated in the petition. Where words are not actionable in themselves, it is incumbent upon the plaintiff to

allege that they were meant to convey a sense in which they. are actionable, and were so understood by the hearers or bystanders. *Christal v. Craig*, 80 Mo. 373. But here the petition neither alleges, nor does the proof show, that the words, "You are a liar; you did, and stuck the money in your pocket," were understood by the hearers to mean that plaintiff had embezzled or stolen the money. On the contrary, both the plaintiff's witnesses and those of the defendant distinctly testified that they never heard any such words spoken.

This instruction, therefore, in 'authorizing a distinct recovery for the speaking of the above words, without any averment in the petition that the words were thus understood by the hearers, and without any evidence that they were thus understood, and in face of the plaintiff's evidence that they were not heard at all, and, therefore, could not possibly have been thus understood, was clearly erroneous. As there is nothing to show that the jury allowed nothing on account of this part of the defamatory matter, and as the law of slander is very technical, we must reverse the judgment for error in this instruction.

In view of a retrial we add the following: The third instruction given for plaintiff is subject to the charge that it comments on the evidence, and the sixth instruction to the charge that it refers the jury to the pleadings. While these errors might not be sufficiently prejudicial to warrant a reversal, their recurrence should be avoided on a new trial. The second of defendant's refused instructions states an erroneous proposition of law as applicable to the facts of this case, and was also properly refused. It is not the law, as claimed in that instruction, that a plaintiff is required to prove all the defamatory words of which he complains. It suffices if he proves enough of the exact

words charged in the petition, or substantially the same words, which contain the *gravamen* of the charge, or as some books have it *the poison*. *Noeninger v. Vogt*, 88 Mo. 589, and cases cited. Thus in the present case the plaintiff would have made out a complete case by proof that the words spoken were, "You are a thief," and it is difficult to perceive why he set out in his petition the conversation about the butcher and the fifty cents and the charge of lying, and by thus multiplying the issues endangered his recovery.

With the concurrence of all the judges, the judgment is reversed and the cause remanded.