MARY E. WALKER, Respondent, v. GEORGE HOEFFNER,. Appellant.

### St. Louis Court of Appeals, October 24, 1893.

1. **Evidence**: COMPETENCY OF TESTIMONY OF DECEASED WITNESS AS: PRESERVED IN BILL OF EXCEPTIONS. *Quære*: Whether, in order to- entitle a party to read from a bill of exceptions the testimony given by a deceased witness on a former trial of the cause, preliminary proof of the correctness of the statement of that testimony in the bill' of exceptions is essential.

2. **Review of Rulings on Admission of Evidence**: SUFFI- CIENCY OF OBJECTION. The grounds of an objection to the admission- of the evidence must be stated as fully as the nature of the objection will permit. And they will not be considered on appeal, when an- inquiry of the trial court in regard thereto is answered indirectly and evasively by counsel for the objector, and the objection, if properly disclosed, could have been obviated by the production of prelimi- nary proof.

3. **Slander**: ALLEGATION AND PROOF OF MEANING OF AMBIGUOUS LANGUAGE. When the words constituting the basis of an action of' slander are ambiguous in meaning, and not necessarily defamatory,. but are alleged to have been used in a stated actionable sense, proof of the allegation is essential to the right of recovery.

4. **Practice, Appellate**: INSUFFICIENCY OF THE EVIDENCE: ESTOPPEL BY COMMON ERROR IN INSTRUCTION. Error in the submission of an issue to the jury on insufficient evidence, when alleged as ground for a new trial in the motion therefor, will be considered on appeal, notwithstanding that the appellant has himself asked an instruction submitting that issue.

5. ———: COSTS. The judgment appealed from herein was for two- different causes of action, and was held erroneous because of the- insufficiency of the evidence as to one of them; but the judgment was affirmed on the *remittitur* of the recovery on that branch of the. case, and this cause of action was submitted to the jury only under· an instruction asked by the appellant. *Held*, that the entire costs of' the appeal should be taxed against the appellant owing to these· features of the case.

*Appeal from the St. Louis City Circuit Court.*—Hon.
Daniel Dillon, Judge.

Reversed and remanded *(nisi).*

*John J. O'Connor,* for appellant.

(1) The court erred in permitting plaintiff, over
the objection of defendant, to read from an alleged
bill of exceptions the alleged testimony of the deceased
witness, John J. Kenney, alleged to have been given a
former trial of the cause, without first having intro-
duced any evidence or proof that such testimony had
been given as alleged by said Kenney, or that the tes-
timony to be read was substantially the same as that
given by said Kenney at the former trial. *Scoville v.
Railroad,* 94 Mo. 87; *State v. Able,* 65 Mo. 357;
*Jaccard v. Anderson,* 37 Mo. 95.

(2) There is no evidence on which to sustain the
judgment on the second count, and the damages
assessed thereon are excessive and lead to the conclu-
sion that the jury acted in prejudice of defendant.
Under such circumstances an appellate court will
reverse the judgment. *Ogleby v. Coby,* 96 Mo. 285;
*Fairgrieve v. City,* 39 Mo. App. 31.

*Dodge & Mulvihill,* for respondent.

(1) There was no error in the admission of the tes-
timony of the witness, Kenney, as contained in the bill
of exceptions. 1 Greenleaf on Evidence [15 Ed.] 163, *et
seq.* (2) The appellant cannot be heard in this court
to complain of the instructions which were granted at
his own request. Thompson on Charging the Jury,
sec. 122, p. 163; *Flowers v. Helm,* 29 Mo. 324; *Thorpe
v. Railroad,* 89 Mo. 650, 666; *Demetz v. Benton,* 35 Mo.

App. 565; *Railroad v. Vivian*, 33 Mo. App. 583, 588; *Culver v. Railroad*, 38 Mo. App. 140; *Musser v. Adler*, 86 Mo. 445. (3) When substantial justice has been done the parties, where the verdict is for the right party, and where a new trial would lead to the same result, a new trial should not be granted. Thompson on Charging Juries, secs. 118, 119, 120; *Bragg v. City of Moberly*, 17 Mo. App. 221.

BIGGS, J.—Action for slander. The petition contains two counts. The cause of action stated in the first count was that the defendant, in the presence of others, called the plaintiff "a slut, a bitch and a whore." In the second count the alleged defamatory matter was stated as follows:  "'You,' meaning plaintiff, 'are a street walker,' 'and that you,' meaning the plaintiff, 'fooled with the roomers to support Mr. Walters,' meaning the plaintiff's husband, and that 'the $10 a week you,' meaning the plaintiff, 'paid while Mr. Walters,' meaning plaintiff's husband, 'was at the hospital was made in a dishonest way,' intending and meaning to accuse the plaintiff of adultery, by means of which the plaintiff has been, and is, greatly injured in her good name," etc.

The answer contained a general denial.

On a trial before a jury the verdict was for $250 on each count, and judgment was entered for the total amount. The defendant has appealed.

I. The plaintiff was permitted by the court to read in evidence the testimony of a deceased witness, as preserved in a bill of exceptions which was filed on a former trial of the cause. In this it is claimed the court committed error, for the reason that there was no independent evidence that the testimony of the deceased witness, as contained in the bill, was correct or substantially so.

The rule of evidence, which has been heretofore recognized and followed in this state (*Jaccard v. Anderson*, 37 Mo. 95; *State v. Able*, 65 Mo. 357; *Scoville v. Railroad*, 94 Mo. 87) is that, before the testimony of a deceased witness as preserved in a bill of exceptions filed on a former trial can be read, a proper foundation for its admission must be established—that is, it must be shown by other independent evidence that the testimony as offered is substantially the same as the deceased witness testified to. But it may be very well questioned whether this rule should longer prevail in this state in view of the recent enactments providing for the appointment of official stenographers, who are required to keep full stenographic notes of the oral evidence offered at the trial of every cause. This question, however, we need not discuss or decide, for the reason that the objection to the introduction of the evidence was too general, and for this reason alone the assignment ought to be overruled. The colloquy between the court and the defendant's counsel will best explain the nature of the objection. Mr. O'Connor: "I object to the reading of the testimony of John J. Kenney, as found in the bill of exceptions, because there has been no legal or proper foundation laid for it." The Court: "What do you mean by this?" Mr. O'Connor: "I simply say that there is no proper foundation laid for it; that is all." The Court: "Do you mean to say they have not shown that it is his testimony at the former trial?" Mr. O'Connor: "It is in this bill of exceptions, but there has been no evidence showing that they are entitled to read that evidence."

The rules of practice require the grounds of an objection to the admission of testimony to be stated as fully as the nature of the objection will admit of. Ordinary fairness to the court and the opposing litigant requires this. That the rule is a just and wise one is

exemplified in this case. If the question propounded by the court had been answered directly and not evasively, the true nature of the objection, as now urged, would have been disclosed, and in all probability the objection would have been obviated by the introduction of the preliminary proof. *Clark v. Conway*, 23 Mo. 438.

II. In the second assignment of error the defendant challenges the sufficiency of the evidence to support the finding of the jury on the second count.

It is manifest that the defendant's counsel entertained the opinion at the trial that there was some evidence to authorize the submission of this branch of the case to the jury. His own instructions prove this. But as instructions cannot take the place of evidence— that is supply an entire failure of proof—and as one of the grounds for a new trial was that the finding was against the evidence, we must review the question. *Link v. Harrington*, 47 Mo. App. 262; *State ex rel. v. Durant*, 53 Mo. App. 493.

The plaintiff testified that the defendant, at the time and place stated in the second count, said to her, in the presence of others: "You better go home and take your crazy husband yourself and tie him to the bed post; do like you did before; put him in the hospital, and make the ten dollars a week out of your boarders in a dishonest way." This was all the evidence in support of the second count.

There was no proof to show that the words were spoken in the sense stated in the innuendo, and that the hearers so understood them. This we think was necessary. The words of themselves are not necessarily defamatory. If the defendant meant to charge that the plaintiff, who was a married woman, had been guilty of acts of adultery with her boarders, and if the hearers so understood them, then a cause of action as stated accrued, "for the slander and damage consist

not only in speaking the words, but in the apprehension of the hearers." On the other hand, if the defendant meant to charge that the plaintiff was in some way cheating or defrauding her boarders, and the hearers so understood him, then there could be no recovery under the allegations of the petition. Therefore, there should have been some evidence from which the jury could have rightly inferred that the defendant spoke the words in the sense alleged in the innuendo, and that the hearers so understood him. This view we think finds ample support in the books.

In *Dyer v. Morris*, 4 Mo. 214, the defendant charged that the plaintiff's daughter had gone to the "goose-horn at St. Louis." Judge McGIRK held that the meaning of the word "goose-horn" should have been averred, and it should have been alleged that the word was used in that sense, and that the hearers so understood it.

In the case of *Unterberger v. Scharff*, 51 Mo. App. 102, the following words were alleged to have been spoken: "What did you sell the butcher?" To which the plaintiff replied, "Nothing," and thereupon defendant said to the plaintiff, "You're a liar; you did, and stuck the money in your pocket." We held in that case that the words were not actionable in themselves, and that it was necessary for the plaintiff to allege and prove that the words were meant to convey a sense in which they were actionable, and were so understood by the hearers.

So the supreme court in the case of *Christal v. Craig*, 80 Mo. 367, ruled that, where the words are not necessarily defamatory, it must be alleged and proved that they were spoken in such a sense as to make them actionable.

Mr. Townsend in his work on slander says: "When the language is *ambiguous* and it is doubtful in

what sense the publisher intended it, the question is in what sense the hearers understood it, for " the slander and damage consist in the apprehension of the hearers." Townsend on Slander [4 Ed.] p. 641.

In the case of *Binford v. Young*, 115 Ind. 174, the court said: "Charges of unchaste conduct are seldom made in plain words, and it is often necessary to prove what the persons who heard the slanderous words understood the person who uttered them to mean." To the same effect is *Branstetter v. Dorrough*, 81 Ind. 527.

Mr. Newell in speaking of words susceptible of two meanings, one defamatory and the other not, says: "If, however, the words are capable of the meaning ascribed to them by the innuendo, and there is any evidence to go to the jury that they were used with that meaning, then it will be for the jury to decide whether in fact the words were understood in that sense by those who heard or read them." Newel Slander, 770.

Odgers says: "Whenever the words sued on are susceptible both of a harmless and injurious meaning, it will be a question for the jury to decide which meaning was in fact conveyed to the hearers or readers at the time of publication." Odgers on Libel and Slander [2 Ed.] 436.

We conclude that the finding of the jury on the second count was unauthorized, and to that extent the judgment is unsupported by the evidence. If, however, the plaintiff will, within ten days after the filing of this opinion, remit two hundred and fifty dollars, the judgment for the residue will be affirmed. If this is not done, the judgment will be reversed and the cause remanded. All the judges concur.

ON MOTION TO TAX COSTS.

ROMBAUER, P. J.—The plaintiff has remitted her recovery on the second count, which results in an affirmance of the judgment for the residue. She now moves that the costs of the appeal be taxed against the appellant, owing to the peculiar features of the case.

Although by the express provisions of section 2931 of the Revised Statutes, the appellate or plaintiff in error is entitled to costs only where the judgment is reversed, all the appellate courts in this state have awarded him costs in cases wherein the judgment was modified, or affirmed in part only. This ruling was on the theory that, if the judgment is modified in any particular, however slight, the judgment of the trial court is reversed *pro tanto*.

The present case, however, presents this peculiar feature. The consideration of the second count was not submitted to the jury either in the court's instructions, or in those of the plaintiff. The defendant himself by an instruction asked by him brought that count to the consideration of the jury, and his only valid complaint in this court now is that the jury have considered it at all and found on it, after he himself has requested them to do so. The necessity of the appeal was thus the result of the defendant's own improvident conduct. Since the judgment is affirmed against him in part and he is not entitled to costs under the literal terms of the statute, we feel warranted in departing from our usual rule and taxing the costs of the appeal against him. All the judges concurring, it is so ordered.