LIZZIE McCORMICK, Respondent, v. CITY OF MONROE, Appellant.

**St. Louis Court of Appeals, December 24, 1895.**

1. **Contributory Negligence:** NONSUIT: PLEADING. In an action for damages for personal injuries, a nonsuit, on the ground that the plaintiff's contributory negligence appears from his own evidence, is proper only when such negligence affirmatively appears and is shown beyond a reasonable doubt. If the evidence fall short of this and the existence of the contributory negligence remains a question of fact, which with propriety may be decided either way, such contributory negligence must be pleaded in order to be available as a defense.

2. ————: LIABILITY OF MUNICIPAL CORPORATION FOR DEFECTIVE SIDE-WALK. A person while walking along the sidewalk of a public street has the right to assume that the sidewalk is not in a dangerous condition, and, hence, the fact that he walked fast, or even that he ran looking straight ahead, does not conclusively establish contributory negligence on his part.

3. **Instructions:** DISREGARD OF TESTIMONY OF WITNESS. An instruction, which tells the jury that they may disregard the testimony of any witness who willfully testified falsely to any material fact, should be given with great care and discrimination, and not as a matter of course at the instance of a party merely because there is some contradiction in the testimony of the various witnesses. Though the testimony in a case may warrant such an instruction, the propriety of giving or refusing it is left mainly to the discretion of the trial court.

4. **Practice, Trial:** USE OF AFFIDAVITS OF JURORS. The affidavits of jurors may be considered in support, though not in impeachment, of their verdict.

*Appeal from the Monroe Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*W. T. Ragland* and *R. P. Giles* for appellant.

*R. N. Bodine, J. H. Whitecotton* and *R. B. Bristow* for respondent.

ROMBAUER, P. J.—The plaintiff seeks to recover damages for permanent injuries caused to her by a fall resulting from a defect in the defendant's sidewalk. Her original petition contained two counts, one claiming that the defect in the sidewalk which caused her to fall was on the south side of *Dover* street, and the other that it was on the north side of *Dover* street, in the city of Monroe. Her amended petition contains one count alleging that such defect was in the sidewalk on the west side of *Chestnut* street between Sumner and Dover streets. The defendant's answer is a general denial. The trial before a jury resulted in a verdict for plaintiff for $1,250. The defendant assigns for error the action of the court in giving and refusing instructions, and the refusal of the court to set aside the verdict as the result of prejudice, and as one brought about by the misconduct of the jury.

The evidence adduced by plaintiff tended to show that she fell twice on the eighteenth day of May, 1894, once on the sidewalk mentioned in her amended petition, and once on the sidewalk mentioned in her original petition; that the first fall caused a partial or total fracture of the *tibia*, or main bone, between the knee and ankle joint, and that the second fall resulted in a mere increase of the injury. She also testified that she did not know that the bone was fractured until so informed by a physician eleven days afterward, and that in the intervening time she attended to her household duties, though suffering great pain. *That the sidewalk at the place in question had been defective and in a dangerous condition for over a year prior to the accident*

*was abundantly shown, and not controverted.* The plaintiff could not tell whether she walked or ran when she fell, but admitted that she was looking straight ahead and did not pay any attention to where she was going, until she stepped on the plank which gave way and was precipitated into the street.

There was some expert testimony for the defense tending to show that it was highly improbable that the plaintiff could have walked at all with a fractured *tibia* for ten or eleven days without causing great pain and inflammation, but all the testimony seemed to concede that such a thing was possible, and depended to some extent on the character of the fracture. There was also some testimony tending to show that the plaintiff had another fall between the date of this accident and her examination by the physician; that she was pulled down by a calf which she endeavored to hold back by a rope. It did not appear, however, how severe this fall was, or that it could have resulted in the fracture complained of. All the testimony concedes that the plaintiff, shortly after her fall on the sidewalk, complained of great pain, and bandaged her leg and kept it bandaged until it was examined by the physician; that she limped and used a crutch or stick in walking, and that she thought her ankle was sprained. It was also shown that the plaintiff was earning her livelihood by laundry and dairy work, on which she, herself, and her aged mother were dependent for support, and that her financial condition was such that she would be reluctant to incur the expense of surgical attendance without pressing need.

Touching the discrepancy between the original and amended petition the counsel for plaintiff testified that it was a mistake on his part, that he intended in one count to lay the place of the accident on *Dover* street, and in the other count on *Chestnut* street, as the plain-

tiff fell in both streets on the same occasion, owing to a defective sidewalk; that by an oversight he named Dover street in both counts, and, as soon as he discovered the mistake, amended the petition according to the true facts.

In the course of the trial the plaintiff offered in evidence the defective plank of the sidewalk. The court ruled it out, because it was only a partial representation of the sidewalk. The plank was not brought into the court room at all, but was taken from the porter carrying it by one of the deputy sheriffs, and placed against the wall in the sheriff's office. In support of the motion for new trial the defendant filed affidavits showing that two or three of the jurors in the case inspected the plank while it thus stood in the sheriff's office, and the plaintiff filed the counter affidavits of the jurors themselves to the effect that, while they casually looked at the plank, it in no way influenced their decision in the case.

We have thus fully stated the facts of the case, because one of the main complaints of the defendant is that the verdict is the result of bias, prejudice, and misbehavior, of the jury, and that the court erred in not sustaining the plaintiff's demurrer to the evidence, and also erred in not vacating the verdict for the above causes.

A demurrer to the evidence, on the ground that the plaintiff's contributory negligence appears in his case in chief, will only lie where such negligence affirmatively appears and is shown beyond a reasonable doubt. If it falls short of this and remains a question of fact, which with propriety might be decided either way, it must be pleaded to be available as a defense. *Schlereth v. Railroad*, 96 Mo. 509; *Mathews v. Railroad*, 26 Mo. App. 75; *Florida v. Pullman Palace Car Company*, 37 Mo. App. 598; *Gerdes v. Iron & Foundry Company*,

124 Mo. 347. There is nothing in the plaintiff's evidence in this case, which would have authorized the court to take her case from the jury. The plaintiff in walking along the sidewalk had the right to assume that it was not in a dangerous condition, and, hence, the fact that she walked fast, or even that she ran looking straight ahead, is not incompatible with the use of ordinary care on her part.

Complaint is made of the second instruction given by the court of its own motion. The instruction is carefully drawn and is almost a literal copy of an instruction approved in *Smith v. City of Butler*, 48 Mo. App. 663. The objection that it ignores the plaintiff's contributory negligence is not worthy of notice, in view of the fact that no contributory negligence was pleaded.

The defendant asked the following instruction:

"The jury are the sole judges of the credibility of the witnesses and of the weight and value to be given to their testimony. In determining such credibility, weight, and value, the jury should take into consideration the character of the witness, his or her interest, if any, in the result, the probability or improbability of his or her statements as well as of all facts and circumstances given in evidence in this cause; *and in this connection you are instructed that, if you should believe from the evidence that any witness has willfully testified falsely to any material fact in this cause, you are at liberty to disregard the whole or any portion of such witnesses' testimony.*

This instruction the court refused to give in the shape in which it was asked, but gave it of its own motion omitting the italicized portion thereof.

Instructions telling the jury that they may disregard the testimony of witnesses should be given with great care and discrimination, and not as a matter of course at the instance of either party simply because

there is some contradiction in the testimony of witnesses. *Evans v. Railroad*, 16 Mo. App. 522. The propriety of giving such an instruction *in any case* has been questioned by some of the ablest judges in this state. *State v. Cushing*, 29 Mo. 215 (Napton); *State v. Stout*, 31 Mo. 406 (Scott). The rule as finally established is that such an instruction, if carefully worded, may be given with propriety where the facts warrant it. *Link v. Harrington*, 47 Mo. App. 262; *Seligman v. Rogers*, 113 Mo. 642; *Britton v. St. Louis*, 120 Mo. 437. The propriety of giving or refusing it, however, must be left mainly to the discretion of the trial court. *State v. Hickam*, 95 Mo. 322. We can not say that upon this record the court abused its discretion by refusing to give the instruction in the form asked.

The evidence touching the misconduct of the jury is set out above. That some of the jurors looked at the plank in the sheriff's office is conceded. Their affidavits, however, show that their decision was in no way influenced thereby, nor can we see how it could be, since all the testimony concedes that the sidewalk where the plaintiff fell was defective and out of repair. Affidavits of jurors in support of their verdict may be considered, while their own evidence impeaching it must be rejected. Graham on New Trials, 116, *et seq.*

A careful examination of the record discloses no prejudicial error in the trial, and, hence, the judgment must be affirmed. So ordered. All the judges concur.