FANNIE SNEED, Respondent, v. CITY OF SALISBURY, Appellant.

### Kansas City Court of Appeals, May 5, 1902.

1. **Appellate Practice: CONSTITUTIONAL LAW: PRESUMPTION.** Where a Court of Appeals transfers a cause to the Supreme Court on the ground of its involving a constitutional question, and the latter court remands the cause without opinion, the Court of Appeals must assume the question was not properly raised and is, therefore, eliminated from the case.

2. **Variance: INJURY ON SIDEWALK: ALLEGATA ET PROBATA.** It was charged that plaintiff "stepped or slipped into a hole . . . where the boards were loose," etc. It was proved that the board sunk down and plaintiff's foot slipped under another board and threw, etc.: *Held*, the variance was not fatal.

3. ———: KNOWLEDGE: NOTICE: INSTRUCTION. It was alleged that defendant city had knowledge of the defect in the sidewalk. It was proved that the defect had existed a sufficient time that defendant should have known. *Held,* an instruction telling the jury there was no evidence of knowledge of the city was properly refused.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

Affirmed.

*Kinley & Kinley* and *C. C. Hammond* for appellant.

(1) The eleventh refused instruction asked by defendant "that under the Constitution of the United States and the State of Missouri," if the jury finds a verdict it must be by twelve of your number, raises a constitutional question which requires this case to be certified to the Supreme Court of Missouri. (2) The petition states that "plaintiff stepped or slipped into a hole in said sidewalk." The testimony is that "I stepped on a plank or it gave way someway and threw my foot right back in under the plank just behind, and in doing that, it threw me flat right out in front, full length on the walk," etc. This question was asked: "Q. Instead of your foot slipping in a hole, the board sunk down in the hole and your foot slipped then in under this other board and threw you down, isn't that the situation exactly? A. Yes, sir." This evidence presents an entirely different state of case from that alleged in the petition and the variance is fatal; therefore, defendant's fourth instruction should have been given. Haynes v. Trenton, 108 Mo. 123; Franklin v. Globe Mutual L. I., 52 Mo. 461; Fuerth v. Anderson, 87 Mo. 354; Bank v. Campbell, 34 Mo. App. 45; Gurley v. Railroad, 93 Mo. 445; Price v. Railroad, 72 Mo. 414; Current v. Railroad, 86 Mo. 62. (3) Having alleged actual notice, facts from which constructive notice might be inferred were improper, and, hence, plaintiff's instruction on this point was error, and the court improperly

refused defendant's eighth instruction.    Plaintiff can not allege actual notice and sustain the same by proof of constructive notice.

*Johnson & Johnson* and *Crawley & Son* for respondent.

(1)    It is only when a case involves the construction of the Constitution of the United States or of this State that this court loses jurisdiction of an appeal otherwise properly brought here.    Const. Mo., art. 6, sec. 12.    No such question is involved in this case.    Vansandt v. Hobbs, 153 Mo. 655; Oxley Stave Co. v. Butler County, 166 U. S. 648; Ash v. City of Independence, 145 Mo. 125; Railroad v. Seifert, 41 Mo. App. 40.    (2)    The evidence amply supported the allegations of the petition, and there was no variance.    Stern v. City of St. Louis, 161 Mo. 146.    And even if there had been a variance, the right to complain has been lost through failure of appellant to file an affidavit of surprise.    R. S. 1899, sec. 655; Hansberger v. Railroad, 82 Mo. App. 574, and cases there cited.    (3)    There was no error in refusing appellant's eighth instruction.    Jegglin v. Roeder, 79 Mo. App. 428, and cases there cited; Young v. Webb City, 150 Mo. 333.

ELLISON, J.—This action is for an injury received by plaintiff on one of defendant's sidewalks, which it is charged was negligently left out of repair.    The judgment was for plaintiff in the trial court.

The verdict for plaintiff was concurred in by more than nine, though less than twelve, of the jurors.    For this reason defendant contended that the verdict required by the Constitution had not been rendered; the particular point being that the recent amendment permitting a verdict by less than twelve men had not been adopted pursuant to the method required by the Constitution.    We transferred the cause to the Supreme Court on the ground that it involved a constitutional question.

That court returned it to this court and we must assume that that court did not regard the question as properly raised. That part of defendant's case must therefore be considered as eliminated.

The only point made in the brief on which defendant has cited any authority is in relation to an alleged variance between the petition and proof. The petition charged that plaintiff "stepped or slipped into a hole in said sidewalk where the boards were loose and not properly nailed, causing her to fall violently forward onto said sidewalk," etc. She stated, in giving her testimony, that instead of her foot slipping in a hole, the board sunk down in the hole and then her foot slipped in under another board and threw her. We do not regard this as a variance of such pronounced character as to be fatal. She charged that she slipped into the hole, and she testified that she stepped on the board which sunk into the hole when she slipped. There is no material difference in these statements. The case of Haynes v. City of Trenton, 108 Mo. 123, and other cases cited by defendant, are not analogous.

It is urged that the plaintiff alleged that the defendant had knowledge of the defect, when the proof was that the defective walk had existed for such length of time that defendant, in the performance of its duty, should have known it. Defendant, therefore, suggests that its instruction number eight, telling the jury that there was no evidence of knowledge of the city or its officers and agents, should have been given. we think the point not well taken. The instruction was properly refused.

Some other suggestions were made as to errors in the trial, among them that the injuries were not shown to be permanent and that the verdict was excessive. We are, however, of the opinion that they are not sound.

We discover no substantial error materially affecting the merits of the case and hence affirm the judgment. All concur.