B. E. WILBUR, Respondent, v. SOUTHWEST MISSOURI ELECTRIC RAILWAY CO., Appellant.

Kansas City Court of Appeals, February 27, 1905.

1. DAMAGES: Personal Injuries: Averment: Evidence. The fact of injuries is the elemental matter and not the nature of the particular wounds and hurts which necessarily and naturally result from the negligent act and serve to create the substantive fact; and under the averment that the plaintiff "was injured in body and mind and suffered great permanent injury" evidence of particular external and internal injuries is admissible.

2. ———: ———: General Averment. Where there is a mere general averment of injury motion to make more definite may lie, but it is too late to raise the question of generality of the averment at the trial.

3. PASSENGER CARRIERS: Railroad Collision: Negligence: Pleading: Burden of Proof. Where an answer by a passenger carrier admits a collision the negligence is conceded; and

Wilbur v. Railway Co.

though primarily the burden of proof rests upon the plaintiff to plead and prove negligence, the burden of proof shifts to the defendant when the collision is shown.

4. **DAMAGES:** Averment: Instruction: Evidence: Earnings. The averment was that the plaintiff "during all said time had been absolutely unable to perform any labor, and is disqualified from performing his ordinary avocations of life." Evidence of plaintiff's occupation and loss of time and earnings were admissible, and an instruction to consider "the extent, if any, to which he has been prevented and disabled by reason of said injuries from work," was proper.

5. ———: ———: ———: ———: Medical Attention. The averment was that plaintiff "had paid out and expended and become liable for large sums of money for medical attention." Evidence showed bills of physicians rendered and unpaid. *Held,* such amount should be included in his recoverable damages.

6. **DAMAGES:** Permanent Injuries: Evidence: Experts. The burden is upon plaintiff to show the permanent condition of his injuries and this he can do by expert evidence or by the nature of the injuries themselves.

7. ———: ———: ———: Speculative Consequences. Consequences which are contingent, speculative or merely possible are not to be considered and there must be such degree of probability as to amount to a reasonable certainty that injuries will be permanent before that question can be submitted to the jury.

8. ———: ———: ———: ———. Evidence reviewed and held to be insufficient to send the question of permanency to the jury.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*McReynolds & Halliburton* for appellant.

(1) The petition of plaintiff in its allegation, is not sufficient to authorize the introduction of any evidence as to the kind, character and extent of his injuries, if any. R. S. 1899, sec. 592. (2) A plaintiff must state the facts constituting his cause of action. He cannot state one and prove another, nor if he states

none, can he supply the defect by evidence at the trial. Field v. Railway, 76 Mo. 617; Sidway v. Stock Co., 163 Mo. 172; 13 Ency. of Law and Procedure, 183; Lanitz v. King, 93 Mo. 519; Pier v. Heinrichoffen, 52 Mo. 336; State to use v. Bacon, 24 Mo. App. 406; Story v. Ins. Co., 61 Mo. App. 538; Waldhier v. Railroad, 71 Mo. 518; Gamage v. Bushnell, 1 Mo. App. 418; Kerr v. Simmons, 82 Mo. 275; Scott et al. v. Robards, 67 Mo. 289; Rush v. Brown, 101 Mo. 590; McIntosh v. Railway, 103 Mo. 131; Muth v. Railway, 87 Mo. App. 433. (3) Plaintiff's evidence of injury to his stomach and liver, should have been rejected because not pleaded. McIntosh v. Railway, 101 Mo. 134; Muth v. Railway, 87 Mo. App. 433; Magrane v. Railway, 183 Mo. 119, 81 S. W. 1158; Pinney v. Berry, 61 Mo. 366; Mellor v. Railroad, 105 Mo. 455; Coontz v. Railroad, 115 Mo. 669; Slaughter v. Railroad, 116 Mo. 269-275; Kruger v. Railway, 94 Mo. App. 458. (4) The instruction given for plaintiff was erroneous in that it authorized a recovery for things not alleged in petition, to-wit, loss of time and earnings and for medical expenses of which there was no evidence. Slaughter v. Railroad, 116 Mo. 275; Paquin v. Railroad, 90 Mo. App. 118; Boyd v. Transit Co., 108 Mo. App. 303, 83 S. W. 287; Summers v. Ins. Co., 90 Mo. App. 701; Brown v. Railroad, 80 Mo. 459. And further by authorizing a recovery for permanent injuries of which there was no evidence. (5) Under the petition in this case plaintiff was not entitled to the value of his time or what he earned or could have earned or his loss of earnings. Mellor v. Railroad, 105 Mo. 455; Coontz v. Railroad, 115 Mo. 669. (6) The allegation in plaintiff's petition that he was injured in body and mind, is not a statement of an issuable fact, but rather a legal conclusion. Rush v. Brown, 101 Mo. 590; Sidway v. Stock Co., 163 Mo. 372; Brewer v. Swartz, 94 Mo. App. 396; Leet v. Bank, 141 Mo. 582; Young v. Schofield, 132 Mo. 650. (7) The submission of the case on the single instruction for plaintiff was

error, as no definite issue was submitted to the jury. Allen v. Transit Co., 183 Mo. 411, 81 S. W. 1146; Boyd v. Transit Co., 108 Mo. App. 303, 83 S. W. 287. (8) Plaintiff's instruction authorizing recovery for permanent injuries should have been refused for the reason that there is no evidence in the record that plaintiff was permanently injured. Schwend v. Transit Co., 105 Mo. App. 534, 80 S. W. 40; Caplin v. Transit Co., — Mo. App. —.

*Howard Gray* and *D. M. Roper* for respondent.

(1) The petition in this case is very much like one in the case of Brown v. Railway, 99 Mo. 310; Ins Co. v. Tribble & Pratt, 86 Mo. App. 546; Price v. Protection Co., 77 Mo. App. 236; Grace v. Nesbitt, 109 Mo. 9; Garth v. Caldwell, 72 Mo. 622; Hughes v. Carson, 90 Mo. 399; Schubach v. McDonald, 179 Mo. 163. (2) The court committed no error in permitting the plaintiff to give evidence of injury to his stomach. The evidence showed that immediately after the injury there was a mark and bruise clear across his body in the region of his stomach and that a hard cake formed at this place. Mabrey v. Road Co., 92 Mo. App. 596. (3) The court did not commit error in permitting the plaintiff to prove loss of time. Brake v. K. C., 100 Mo. App. 611; Mabrey v. Road Co., 92 Mo. App. 596; Smith v. Railroad, 119 Mo. 246; Schmitz v. Railroad, 119 Mo. 256; Gurley v. Railroad, 122 Mo. 141.

JOHNSON, J.—This is a suit for damages resulting from personal injuries. The verdict and judgment were for plaintiff. Defendant appealed. On August 12, 1903, plaintiff was a passenger upon a car propelled by electricity which defendant was running for the carriage of passengers upon its line of railroad in Jasper county. The car collided with another. Plaintiff testified that as a result thereof he was thrown violently from the car against an adjacent fence from which he rebounded to the ground.

Over the objections of defendant the plaintiff was permitted to introduce evidence of various bodily injuries, chiefly internal, sustained from his violent projection and fall. The ground of the objections was the absence from the petition of allegations of the existence of the particular injuries which the evidence admitted at the trial tended to prove. The averment is that plaintiff "was greatly injured in body and mind and suffered great permanent injury." It is true, as urged by defendant, that all of the facts constitutive of the cause of action must be pleaded in the petition. [Sidway v. Mo. Land, etc., Co., 163 Mo. 375; Lanitz v. King, 93 Mo. 513; Pier v. Heinrichoffen, 52 Mo. 336; Leete v. Bank, 141 Mo. 581.]    But defendant in making application of this rule assumes an incorrect premise. It is the *fact of injury* that is elemental, not the nature nor character of the particular wounds and hurts which necessarily and naturally result from the negligent act. They serve to create the substantive fact and are included within its bounds. Evidence of particular bodily injuries received by plaintiff in the wreck resulting from defendant's negligence was admissible under a general averment of injury to the body.    [Brown v. Railroad, 99 Mo. 318; Seckinger v. Mfg. Co., 129 Mo. 590; Coontz v. Railroad, 115 Mo. 674; State ex rel. v. Bacon, 24 Mo. App. 405; Pinney v. Berry, 61 Mo. 359; Barrett v. Telegraph Co., 42 Mo. App. 542.]

It is not to be inferred defendant would not have been entitled to a more definite statement had he by proper motion sought to be informed of the nature of the injuries claimed. Without filing such motion defendant answered putting in issue the fact of any injury. In this condition of the record the objections, made for the first at the trial, came too late. [Seckinger v. Mfg. Co., supra; Grove v. Kansas City, 75 Mo. 672; Spurlock v. Railroad, 93 Mo. 530; Bowie v. Kansas City, 51 Mo. 454.]

But one instruction was asked and given on plain-

tiff's behalf. Its scope was confined to two issues—the injury and measure of damage. Defendant insists the duty devolved upon plaintiff to cover with appropriate instructions all of the issues involved. This criticism is without merit. The answer admitted the existence of the relation of common carrier and passenger and the fact of the collision of the car upon which plaintiff was riding with another of defendant's cars. It omitted in any manner to put in issue the averment of negligence. In thus admitting the collision, negligence was conceded. In cases of this kind—injury resulting from collision—the burden primarily rests upon plaintiff to plead and prove negligence. The burden of proof shifts to the defendant when the fact of the collision is shown. [3 Thompson on Neg., sec. 2754; Allen v. Transit Co., 183 Mo. 411, 81 S. W. 1147.] Under the admissions the issues were narrowed to the injury and damage and these were fully covered by the instruction.

In this instruction the jury was directed to consider "the extent if any to which he has been prevented and disabled by reason of said injuries from working." The petition charged that plaintiff "during all said time has been absolutely unable to perform any labor and is disqualified from performing his ordinary avocations of life." Plaintiff introduced evidence of his occupation—farm labor—and over defendant's objections was also permitted to introduce evidence of loss of time and earnings. It is the rule that damages of this kind not being such as necessarily and naturally result from injury to the person, must be specially pleaded in the petition. [Mellor v. Railroad, 105 Mo. 462; Slaughter v. Railroad Co., 116 Mo. 274.] The averment, though indefinite, was sufficient to warrant the admission of evidence of loss of time and the value thereof. [Mabrey v. Gravel Road Co., 92 Mo. App. 602; Gerdes v. Iron & Foundry Co., 124 Mo. 360; Mellor v. Railroad, supra; Brake v. Kansas City, 100 Mo. App. 611; Smith v. Railroad, 119 Mo. 253; Gurley v. Railroad, 122 Mo. 151.]

We consider Gurley v. Railroad, supra, decisive. In that case the allegation was, "that by reason of said injuries plaintiff had suffered great bodily and mental anguish, *has been unable to follow his business or perform any kind of labor.*" The right to prove loss of earnings was sustained in the case under consideration. And in Britton v. St Louis, 120 Mo. 437, under the allegation that plaintiff was incapacitated from labor "*besides loss of time*" without the direct charge of *diminished earnings,* it was held proper for plaintiff to prove such loss. These cases are apparently in conflict with Slaughter v. Railroad, and Coontz v. Railroad, supra, and ignore the rule, which until then had been observed, of admitting, under a plea of disability to labor, evidence of that fact as tending to show the *extent of the physical injury,* but not evidence to establish *facts required to be specially pleaded.* Following the decision in Gurley v. Railroad, supra, we are constrained to hold the evidence admissible.

Plaintiff's instruction also directed the consideration of "his necessary expense for medical attention in endeavoring to be cured." The petition stated that plaintiff "had paid out and expended and *become liable for* large sums of money for medical attention." Two doctors called by plaintiff to treat him for his injuries made charges for their services which they testified were reasonable and for which they rendered bills. Plaintiff was under legal obligation to pay for these services, and this liability gave him the right, notwithstanding non-payment, to include the amount thereof in his recoverable damages. [Mirrielees v. Railroad, 163 Mo. 492; Robertson v. Railroad, 152 Mo. 391; Muth v. Railroad, 87 Mo. App. 432; Murray v. Railroad, 101 Mo. 240.]

Complaint is made that the evidence is insufficient to support damages for permanent injuries. Plaintiff's instruction requires the jury to consider "whether they are permanent in their character." The verdict was for

two thousand dollars. Plaintiff is a young man twenty-seven years of age and at the time of injury was in good health. His injuries were to the stomach and liver. According to the evidence introduced by him he suffered great pain and exhibited various symptoms of injury to these organs as the result of a severe blow or contusion. The trial occurred some three months after the injury. The following is plaintiff's testimony relating to his condition at that time:

"I am still bothered with vomiting. Yesterday I threw up every meal that I ate. For some period of time back I have averaged from one to two meals per day with the exception of a period of about two weeks when I only threw up three or four times, then it commenced again and has been keeping up ever since. It seems that there is only now and then one meal a day which don't bother me. . . . I was able to do any kind of work before my injury but since that time can do nothing that requires special strength. I can go out and hitch up my horse, or something light of that kind, but can do no lifting. . . . I remember when Doctors Ketcham and Steele came out to see me. I was on the farm about three-quarters of a mile north of where I live at the place where I got my mail. I went up for the mail several times a week; generally rode; that day I walked. . . . It was a rather windy day they were there; had been drizzling rain in the morning. I was in my shirt sleeves when they met me; the wind had turned and was coming from the north and was real chilly. . . . I told them the trouble was with my stomach; they pumped it out and found a lot of *watermelon*. . . . I had no special food of any kind prepared only of a morning at my aunt's; she generally gave me toast or something of that kind. The other meals I ate at the table with the balance. At the restaurants I had simply the ordinary meal."

Two physicians, Chester and Thomas, were witnesses for plaintiff, both of whom had treated him for

his injuries. They were asked about the probable future results. Doctor Chester said: "Well, it might cause him permanent trouble, and again it might not." Q. "What are the probabilities if you can tell?" A. "Well, it is hard to tell what the probabilities are yet." On cross-examination: "There is no reason why the inflammation of the stomach and liver might not get well and not cause any permanent injury." Doctor Thomas said: "I saw nothing during my treatment of the man on which to base any conclusion that he would be permanently injured."

Plaintiff offered no other expert evidence relating to the permanency of his injuries. The burden was upon plaintiff to show the existence of a permanent condition of injury. This he might do either by expert evidence or by the nature of the injuries themselves. His expert evidence was against him. One doctor expressed the unqualified opinion that his injuries were not permanent; the other would not venture an opinion, saying that they might be or might not be. Both of these witnesses by reason of their profession and their treatment of the case possessed superior means of knowledge concerning his condition to that which a court or jury could receive from evidence. They saw nothing in the nature of his injuries to lead them to the conclusion that he would not recover; and yet the jury was turned into the field of conjecture to speculate and guess. The size of the verdict proclaims the result of the prognosis made.

To entitle a plaintiff to enhance his damages with compensation for future consequences resulting from the permanent condition of his injury he must perform the primary duty of showing *by evidence* the reasonable certainty of the existence of such conditions. Notwithstanding the adverse opinion of his medical experts had his injuries themselves been of such a nature as to make their permanency apparent to a person of ordinary intelligence, the plaintiff would have been entitled to have

this fact considered by the jury as an element of damage. But in the very nature of his injuries their duration was necessarily a matter of pure guesswork.

Consequences which are contingent, speculative or merely possible are not to be considered. To justify a recovery for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury. To say of a thing it is permanent means that it *will continue* regardless of contingency or fortuitous circumstance. [Schwend v. Transit Co., 105 Mo. App. 534, 80 S. W. 40; Watson on Damages for Personal Inj., sec. 302, et seq.; Joyce on Damages, sec. 244; Strohm v. Railway, 96 N. Y. 306; Smiley v. Railway, 160 Mo. 636; Gerdes v. Foundry Co., supra; Rosenkranz v. Railway, 108 Mo. 9; Chilton v. City, 143 Mo. 192; Bigelow v. Railway, 48 Mo. App. 373.]

Plaintiff under the evidence would have been entitled to have the question of future consequences considered had he properly restricted his instruction. But there was no evidence upon which to predicate the assumption that the effects of his injuries will continue to remain with him during his natural life.

Because of the failure of proof in this respect the judgment is reversed and the cause remanded. All concur.