ELIZABETH J. DELAND, Respondent, v. CITY OF CAMERON, Appellant.

Kansas City Court of Appeals, May 22, 1905.

1. **MUNICIPAL CORPORATIONS: Defective Sidewalks: Contributory Negligence: Jury.** The fact that the plaintiff had observed a defect in the sidewalk some days before her injury will not of itself raise the presumption of negligence on her part, and ordinarily a question of contributory negligence is for the jury and on the evidence a demurrer thereto was properly refused.

2. ———: ———: **Inspection: Instruction.** A city should show reasonable care to discover defects in its sidewalks, and the performance of this duty requires their inspection and an instruction is approved; and the existence of a defect for several months in a sidewalk warrants the conclusion of actual knowledge thereof.

3. ———: **Personal Injury: Pleading: Measure of Damages: Conjecture.** Under the pleadings and the evidence it is held that an instruction permitting the jury to award damages for permanent injury was properly given and is free from the vice of permitting the jury to indulge in conjecture.

4. ———: **Defective Sidewalks: Private Property: Instructions.** An instruction which is a repetition of one already given is properly refused, and a city that projects its sidewalks across the line onto private property should keep the same in repair and is liable for damages resulting from its defective condition.

5. ———: ———: **Personal Injury: Damages.** Evidence reviewed and damages awarded by the jury held not excessive.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*John A. Clark* and *E. C. Hall* for appellant.

(1)   The petition does not sufficiently plead special damages for permanent injuries.   Brown v. Railroad, 99 Mo. 310; Ross v. Kansas City, 48 Mo. App. 440; Jacquin v. Cable Co. 57 Mo. App. 320.   (2)   Plaintiff should have put examining physician on the witness stand.   Haworth v. Railway, 94 Mo. App. 215; Webb v. Railway, 89 Mo. App. 604.   (3)   The damages assessed were excessive.   Sawyer v. Railroad, 37 Mo. 240; Trigg v. Railroad, 74 Mo. 147.   Fairgrieve v. Moberly, 39 Mo. App. 31; Haynes v. Trenton, 108 Mo. 123; Smith v. Butler, 48 Mo. App. 663; Schenck v. Butler, 50 Mo. App. 106.   (4)   The court committed error in refusing defendant's instructions.   (5)   Plaintiff's first instruction is erroneous and misleading, in directing the jury regarding actual notice to the city of the defect in the sidewalk complained of when there was no evidence of actual notice; and in requiring the city to exercise reasonable care in the inspection of the said walk for the purpose of ascertaining its true condition; and also in directing the jury to find against the city if it had either actual or implied notice of the defect.   (6) Plaintiff's second instruction on the measure of damages is erroneous and improper.   (7) Plaintiff's third instruction is erroneous and misleading and incomprehensible. It omits the requirement of the use or ordinary care by the person or persons using the walk.

*E. J. Smith* and *James E. Goodrich* for respondent.

(1)   No error was committed in refusing instruction numbered 13, as the court gave defendant's instruction numbered 6 covering the same facts, and besides instruction numbered 13 was further erroneous in that there is no traveled way of a proper sidewalk less than its width outside of which the city would not be liable. Pow-

ers v. Ins. Co., 91 Mo. App. 55, 67; Foekler v. Kansas City, 94 Mo. App. 464. (2) Instruction numbered 1 is approved in Fairall v. Cameron, 97 Mo. App. 1. (3) Complaint urged against instruction numbered 2 is without merit. Elliott v. Kansas City, 174 Mo. 554-560; Chilton v. St. Joseph, 143 Mo. 192; Russel v. Columbia, 74 Mo. 480; Ross v. Kansas City, 48 Mo. App. 440-448. (4) Complaint is also made against plaintiff's third instruction. It has been proved in the identical words. Perrette v. Kansas City, 162 Mo. 238-245. (5) The allegations of the petition are sufficient to plead damages for permanent injuries. Brown v. Railroad, 99 Mo. 310; Ross v. Kansas City, 48 Mo. App. 440. (6) Vice mentioned in Jacquin v. Cable Co., 57 Mo. App. 320, does not appear in this case. (7) Damages are not excessive. Brown v. Railway, 99 Mo. 310-319; Covell v. Railroad, 82 Mo. App. 180; Perrette v. Kansas City, 162 Mo. 238-253.

JOHNSON, J.—Action to recover damages for personal injuries. On the evening of August 23, 1902, plaintiff and two companions were walking along the sidewalk on the east side of Chestnut street in defendant city. At a point near Third street plaintiff stepped into a hole fell, and was injured. This hole, in the east side of the walk, was about two feet long and eight inches wide and had been caused by the breaking off of the end of one of the planks of which the walk was constructed. The judgment was for plaintiff.

Defendant asked an instruction in the nature of a demurrer to the evidence, the giving of which was refused. The facts relied upon to support this action of the court, as disclosed by the evidence introduced by plaintiff, are as follows:

The sidewalk at the place in question was upon one of the principal thoroughfares of the city and much used by pedestrians. The hole had been suffered to remain there for a long period of time—six months or more. The

injury occurred at night, and because of darkness plaintiff failed to observe the defect. A number of people were travelling upon the walk and plaintiff and her companions in passing others whom they met were making their way upon the east side thereof. Under these facts defendant was at fault in permitting the hole to remain for so long a time and the issue presented by them was for the jury to determine. We would not be justified in assuming that plaintiff also was negligent. She admitted having previously noticed the defect but the fact of its presence was not in her mind at the time of the occurrence under consideration, and was not then discovered to her owing to darkness. She was proceeding in an orderly and usual manner without thought of danger. Her observance of the hole some days before should not of itself raise a presumption of negligence. [Smith v. Butler, 48 Mo. App. 663.]

People in using public sidwalks, as upon all other occasions, are expected to make reasonable use of their faculties to detect and avoid dangers, but are not required to exercise more than ordinary care. They may rely to some extent upon the implied assurance that the way is reasonably safe, and that after the lapse of sufficient time in which to make repairs, defects previously noticed have been remedied. Ordinarily, the question of plaintiff's contributory negligence is for the jury to decide, and we perceive nothing in this case to make it an exception to the general rule. The instruction was properly refused. Objection is offered to plaintiff's first instruction. That part criticised is as follows: " . . . and that the authorities of the said city knew of said walk's unsafe condition (if you find it was in an unsafe condition) prior to the occurrence of said injury, if any, or would have known of its said unsafe condition (if you find it was in an unsafe condition) if they had exercised reasonable care in the inspection of the said walk and that after such notice, either actual or implied, a reasonable time had elapsed

prior to the plaintiff's injury, if any, in which to re-pair, etc." It is said that there was no evidence of actual notice to defendant of the existence of the defect. The fact that upon one of the principal streets of the city a hole of this character remained in the sidewalk for sev-eral months is enough of itself to warrant the conclu-sion that defendant had actual knowledge of its presence. And further, it is said that it was error to require the city "to exercise reasonable care in the inspection of the said walk for the purpose of ascertaining its true con-dition." The principle enunciated is sound. It is the duty of the city to use reasonable care to discover de-fects in its sidewalks, and the performance of this duty requires inspection of them.

Objections also are made to plaintiff's instruction upon the measure of damage. The question of the per-manency of the injuries sustained was submitted there-in, and it is claimed the petition does not sufficiently plead that fact. The averment is as follows: "Plaintiff was thrown down, her said left foot and leg severely lac-erated, bruised, strained and injured; her said left hip bruised, the same and her back being terribly strained as the result of said fall, and her whole physical and ner-vous system being permanently injured thereby." This language was clear and definite enough to advise defend-ant that the fact of permanent injuries was an issue to be met. Brown v. Railway, 99 Mo. 310. There is suffi-cient evidence in the record tending to show a permanent condition of injury, and the issue therefore was for the consideration of the jury. The instruction with respect to such injuries as well as to future pain and suffering was in proper form and free from the criticism that it permitted the jury to indulge in conjecture. We have re-cently discussed this subject in the cases of Wilbur v. Railway, 85 S. W. 671, 110 Mo. App. 689, and Ballard v. Kansas City, 86 S. W. 479, 110 Mo. App. 391. The views expressed in those cases fully answer the conten-tions here advanced.

Error is claimed in the refusal to give the following instruction asked by defendant: "The court instructs the jury that the defendant was not bound to keep in repair any extension of its walk beyond the regular width of eight feet and if the jury shall find and believe from the evidence in this case that the injury complained of in this case was caused by the plaintiff stepping into a hole which was not in the walk proper, but in an extension of the boards of the walk over a portion of the adjacent lot, then you should find for the defendant." This instruction was predicated upon evidence introduced by defendant to the effect that the width of the sidewalk was eight feet, except that for a space north and south of the point where plaintiff fell it widened to ten feet. The west line of the walk preserved a straight course, the entire extension being upon the east side. It is admitted that for a distance of eight feet from the west line the walk was situated upon property dedicated to and used by defendant for sidewalk purposes but it is claimed the remaining two feet of the walk was upon private property, and that defendant is not liable for injuries inflicted thereon. The walk was of uniform construction, being formed of boards ten feet long and eight inches wide laid across and nailed to stringers running parallel with the street. The court in another instruction given at defendant's request directed the jury in accordance with defendant's view of the law; and presumably refused the instruction under consideration because it is but a repetition of the one given—a proper thing to do. The instruction given was erroneous but the error was against plaintiff.

Defendant placed and constructed the walk and by implication invited the public to use it, and undertook to maintain it in a reasonably safe condition for travel. It was intended to be, and apparently was, situated upon land devoted to such use. The fact that a small portion of its surface extended upon private property was without effect upon defendant's obligation to maintain such

portion. Its responsibility covered the construction in its entirety. It is absurd in the extreme to expect people traveling upon sidewalks to advise themselves respecting property limits and to keep upon one side of an imaginary line if they would remain under the protecting care of the municipality. Plaintiff had the right to walk upon any part of the sidewalk provided and to assume that defendant was keeping it in a reasonably safe condition for such use. [Powers v. Ins. Co., 91 Mo. App. 67; Fockler v. Kansas City, 94 Mo. App. 464; Roe v. Kansas City, 100 Mo. 190; Goins v. Moberly, 127 Mo. 119.]

The damages awarded are said to be excessive. The judgment was for $2,100. Plaintiff at the time of injury fifty-five years old was strong and healthy, able to do her housework and to follow the occupation of nursing. At the time of the trial, some twenty months after the injury, she was incapacitated from the performance of any but the lightest work. Her injuries were severe, very painful and apparently permanent. It is true, defendant offered evidence tending to show a different condition from that asserted by plaintiff and her witnesses, but the issue of fact thus raised was resolved by the jury in favor of plaintiff and we are not justified in interfering without it appears the verdict was the result of some misconception of duty and not the expression of honest conclusion founded upon substantial evidence. We find no reason for pronouncing the verdict excessive. Brown v. Railway, supra.

After careful examination of the record and consideration of the various points raised by defendant some of which we deem it unnecessary to specially notice, we find no error prejudicial to defendant.

The judgment is affirmed. All concur.