## CHAS. F. BURLEY, Respondent, v. JOHN W. MENEFEE, Jr., Appellant.

### Kansas City Court of Appeals, February 17, 1908.

1. **ASSAULT AND BATTERY: Pleading: Instruction: Admissions.** An instruction set out in the opinion is sustained on the ground that the fact defendant struck plaintiff was removed from the field of debatable issues by the admission of the parties, and the court was justified in assuming the existence of that fact.

2. ————: ————: **Justification: Words: Instruction.** Words however insulting and aggravating, will not justify an assault, nor will they mitigate or reduce the actual damages; and an instruction to this effect is approved under the pleadings.

3. ————: **Measure of Damages: Instruction.** An instruction on the measure of damages is held not open to the criticism of assuming any of the estimates of actual loss claimed as a result of the injury.

4. ————: ————: **Medical Services: Instruction.** An instruction allowing such sum as will compensate the plaintiff for medical expenses and attention is held inaccurate but harmless under the facts of the case.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

AFFIRMED.

*W. D. Steele* for appellant.

(1) Instruction number one, given by the court for plaintiff, was manifestly erroneous. This instruction practically told the jury that if they believed defendant made an assault upon plaintiff, then it was the duty of the jury to find a verdict for the plaintiff, even though defendant did not strike plaintiff or injure him in the slightest degree. This instruction assumes that plaintiff was damaged by the assault and left nothing for the triers of the fact, except the amount of actual damages the jury should assess. Orscheln v. Scott, 79 Mo. App. 534; Wright v. Funda, 44 Mo. App. 643; Fullerton v. Fordyce, 121 Mo. 13; Dowling v. Allen & Co., 88 Mo. 293. (2) This instruction is further objectionable for the reason that it tells the jury to return a verdict for plaintiff in such sum as will fully compenstate the plaintiff for expenses the jury may find he was put to for medical attention, for loss of time from his work and business, and it did not even require the jury to believe that plaintiff had incurred a legal obligation to pay for the same, and it failed to require the jury to find that the amount of plaintiff's alleged medical bill was reasonable. Orscheln v. Scott, 79 Mo. App. 534; Morris v. Grand Avenue Co., 144 Mo. 500; Grund v. Railroad, 114 N. Y. 411.

*George F. Longan* for respondent.

(1) Instruction number one given for plaintiff correctly declares the law. In order to constitute an assault there need not be a striking or a wounding or any physical injury produced. The defendant was liable if he committed the assault without just cause or excuse, which this instruction declares. The wrong it-

self fixes the right of action.    Brown v. Railway, 99 Mo. 110.    (2)    An instruction telling the jury they may consider the humiliation and disgrace as elements of actual damages is proper.    Sonnen v. Transit Co., 102 Mo. App. 271; O'Donnell v. Transit Co., 107 Mo. App. 34; Campbell v. Stanberry, 105 Mo. App. 56; Morris v. Grand Avenue Co., 144 Mo. 500; Garham v. Railway, 113 Mo. 421.

JOHNSON, J.—Action to recover damages for personal injuries alleged to have been caused by an assault made by defendant on plaintiff.    It is charged in the petition "that on the 26th day of August, 1905, the defendant at the city of Sedalia in Pettis county, Missouri, did wrongfully, unlawfully, maliciously and wantonly assault the plaintiff with a deadly weapon, to-wit:  A large stick of wood or timber, about four feet long, four inches wide and one inch thick, and did then and there wilfully, unlawfully, maliciously and wantonly, in an angry, violent and forceful manner, strike, beat and wound the said plaintiff, thereby breaking the bone of the right arm of said plaintiff between the hand and elbow of said arm."    The petition closes with a prayer for both actual and punitive damages.    In the answer, defendant admits that he struck plaintiff with a piece of board but alleges, in substance, that plaintiff was the aggressor and that the blow was struck in necessary defense and to prevent plaintiff from inflicting on him great bodily injury.    The issues were submitted to the jury by instructions which eliminated the question of punitive damages and a verdict was returned in favor of plaintiff for compensatory damages in the sum of $100.    After unsuccessfully moving for a new trial, defendant brought the case here by appeal.

The grounds urged for a reversal of the judgment relate solely to the instructions given the jury on behalf of plaintiff.    In the first instruction, the court told

the jury "that if they believed from the evidence, that on or about the 26th day of August, 1905, the defendant made an assault upon the plaintiff and that said assault was made without just cause or excuse, as defined in the other instructions given in this cause, they should find their verdict for the plaintiff."

Counsel for defendant criticise this instruction and say that it "practically told the jury that if they believed defendant made an assault upon plaintiff, then it was the duty of the jury to find the verdict for the plaintiff even though defendant did not strike plaintiff or injure him in the slightest degree. One person may assault another by attempting to strike him and yet not touch him at all. . . . This instruction, in effect, plainly told the jury to find actual damages for plaintiff, whether plaintiff was damaged or not."

In the light of the admissions made by defendant in his answer and testimony, this objection is entirely devoid of merit. It appears from the evidence that defendant owned a livery stable in Sedalia and was in possession of a horse which plaintiff bought from its owner. Plaintiff went to the stable to get the horse and found defendant willing to deliver it but unwilling to permit plaintiff to take the halter in use on the animal. He claimed that he had instructions from his bailor not to let the halter go with the horse. Plaintiff could not lead the horse away without a halter and, finally, offered to deposit one dollar with defendant as security for its return. Defendant agreed to the proposal and the deposit was made, but as plaintiff was in the act of leaving the stable, he gave expression to his disapprobation of the conduct of defendant in language of the most insulting character, whereupon defendant, greatly angered, seized a stick which was in use as a buggy prop and violently struck plaintiff, breaking his arm.

There is little substantial difference between the stories told by the two parties. Defendant weakly at-

tempted to justify the assault by saying that he observed plaintiff to reach his hand "in the direction of his pistol pocket," and feared he was going to produce and use a deadly weapon and, further, that plaintiff tried to ride his horse over him, but his own witnesses do not support him in these statements and it is quite evident from all the evidence that defendant was provoked to the assault solely by the abusive language of his adversary.   The issue of fact on which the parties expended their greatest efforts in the production of proof involved the question of whether the provocative language used consisted only of the statement that defendant was a thief and robber or included the expression of that opinion and of the further opinion that he was "a little thieving son of a bitch."   Since it is admitted by everybody concerned in the affair either as party or witness that defendant violently and intentionally struck plaintiff on the arm it would land us deep in the realm of absurdity should we say that the jury might have found, under the instruction in question, that the assault consisted only of words and not of a blow.   The instruction is sustained on the ground that the fact that defendant struck plaintiff was removed from the field of debatable issues by the admissions of the parties, and the court was justified in assuming the existence of that fact.

Nor is any error to be found in the instruction given on behalf of plaintiff in which the jury were told "that no words, however insulting or aggravating they may be, will justify an assault, and such insulting or aggravating words cannot be considered by the jury for the purpose of mitigating or reducing the amount of actual damages," etc.   Verbal abuse, however insulting, will not excuse, in law, a resort to physical violence.   The defendant had the right, as the court declared in another instruction, to assault plaintiff in his own defense if he "had reasonable cause to believe and did believe that plaintiff intended to do him some great bodily harm

and that there was immediate danger that plaintiff would carry said design into execution," but without such well grounded apprehension, he had no right to deliver blows in his resentment of verbal insult. We find the instructions which submitted the issues of fact raised in the answer by the plea of justification to be free from error.

Further, we find that the instruction on the measure of damages given at the instance of plaintiff correctly defined the law applicable to the facts pleaded and supported by evidence. It is not open to the objection that it assumed the existence of any of the elements of actual loss claimed by plaintiff as a result of the injury. Plaintiff sufficiently pleaded loss of time and earnings. [Wilbur v. Railway, 110 Mo. App. 689.] He was not required to make specific proof of physical pain and suffering." These elements of damage are sufficiently shown by the evidence which declares the nature, character and extent of the injuries. From such evidence, the jury may infer pain and mental anguish." [Brown v. Railway, 99 Mo. 310.] That part of the instruction which authorized the jury to "find for the plaintiff in such sum as will fully compensate the plaintiff for expenses, if any, which you may find he was put to for medical attention," was inaccurate in the respect that it omitted the direction to find for plaintiff on this account only in such sum as would represent the reasonable value of the medical services. It appears that plaintiff incurred an obligation of $50 for doctor's bills and the evidence tends to show that the services rendered were of that value. What was said in the case of Gorham v. Railway, 113 Mo. 408, relative to an instruction of this character is directly applicable: "The instruction would have been more accurate had it called for a recovery of the reasonable value of the necessary medical aid rendered to plaintiff, instead of 'such sums as he has paid out for medical attention on account of said injury, if any.' But we

do not regard such error as materially prejudicial to the substantial rights of defendant upon the merits, and hence consider it no ground for a reversal of the judgment, in view of the positive terms of the statute to that effect."

Finding no prejudicial error in the record before us, the judgment is affirmed. All concur.