## LAURA PRICE, Respondent, v. THE CITY OF MARYVILLE, Appellant.

Kansas City Court of Appeals, December 1, 1913.

1. **NEGLIGENCE: Damages: Depression in Sidewalk: Actionable Defect: Liability of City.** While it is true that not every depression or uneven place in a sidewalk will constitute an actionable defect, yet a sunken place or a step-off therein, caused by the washing out of the dirt underneath a flagstone in a walk over a drain tile so that the stones sunk down a distance of six to eight inches at one side and the center stone was two inches lower than the stones on either side, will constitute a defect for which the city will be liable if such condition has remained a sufficient length of time before an injury, and the injured person is in the exercise of ordinary care.

2. ————: **Evidence: Variance.** Where there was evidence that plaintiff was on the walk in the nighttime and stepped into a defective place therein causing her to lose her balance and fall into an open ditch at the side of the walk there is no variance between the petition and the proof. Whether plaintiff fell from the walk into the ditch because of the defect or negligently walked into the ditch was for the jury to decide.

3. **PLEADING: Sufficiency of Petition. Objection to Introduction of Evidence.** An objection to the introduction of evidence is not effective against a petition which states any cause of action however defectively. Against such an objection every intendment will be indulged in favor of the petition.

4. ————: ————: ————. A petition cannot be said to state no cause of action because it fails to set out an actionable defect where the defect described is sufficient to suggest to the mind of an ordinarily prudent man that it was dangerous, and did not result from a reasonably safe plan of construction made necessary by surrounding conditions.

5. **INSTRUCTIONS: Care Required of Plaintiff.** Where a number of instructions telling the jury the care required of plaintiff before she was entitled to recover were given, some of them on one side and at least one on the other, it was not error to refuse another.

Appeal from Nodaway Circuit Court.—*Hon. Wm. C. Ellison*, Judge.

AFFIRMED.

*W. E. Wiles*, and *W. H. Crawford* for appellant.

*Cook, Cummins & Dawson* for respondent.

TRIMBLE, J.—An action for damages from a fall caused by an alleged defect in a street crossing. The petition charges that the walk or crossing, at the point in question, was in an unsafe and dangerous condition in that the earth under said crossing or walk at said point had washed away allowing the walk to sink so as to leave a depression or sunken place which would cause persons stepping into same to fall and injure themselves; that this condition had existed for such a length of time prior to the injury that the city knew of it, or, by the exercise of ordinary care, might have discovered it and by ordinary diligence might have repaired said walk before plaintiff got hurt; and that the city was negligent in permitting the walk to remain in such condition; that plaintiff, while walking on said walk, after dark and using due care, stepped into said sunken place and was thrown down and thereby

injured. The answer was a general denial and a plea of contributory negligence.

It is admitted that plaintiff was seriously injured as a result of her fall, that the walk or crossing had been in a more or less defective condition for a long time prior to the injury, and the city treasurer had notified the mayor of such condition about a week or ten days before plaintiff fell. There are but two questions of fact left in dispute, to-wit: Was the walk reasonably safe for travel; and was plaintiff in the exercise of due care?

The walk extended north across an east and west street and lay on the west side of the intersection of this street with another running north and south. Along the south side of this intersection, and running east and west, a twelve inch drain tile had been laid three feet under ground. It extended west to the west line of the north and south crossing-walk in question. The ditch in which the drain tile lay was filled and the tile of course covered, but, from the west edge of the walk on west, the ditch was open. The walk was made of brick where it crossed the central or wagon-traveled portion of the street, but from thence south across the parking of the street and over this drain tile, a distance of about fifteen feet, to the sidewalk running east and west, the crossing walk was made of flagstones. These were about four feet long and two feet wide, and were laid lengthwise east and west, making the walk four feet wide. Two of these flagstones lay over this filled ditch, one of them directly over the drain tile. The west end of the tile was under them or stopped flush with the west end of said stones. Thus there was an open unprotected ditch three feet deep extending west from the west edge of said walk or crossing over this drain tile. The space over the tile and underneath the stones had been filled with rock, sand, and gravel, to the depth required to maintain the flagstones over the drain tile in proper place. A twelve

inch board had been set up edgewise at the west end of and flush with the edge and surface of said flagstones to hold this filling material under the stones in proper place.

A long time prior to plaintiff's fall the filling under the two flagstones had washed out, and this caused the two stones to settle down at their west end. This left a sudden step-off or depression in the walk, the depth of which was disputed. But, as there was evidence from which the jury could find that it was from six to eight inches in depth, and, as the verdict was for plaintiff, we must accept the depth of the step-off as being six or eight inches, and the walk as dangerous and unsafe.

On a November night after dark the plaintiff, in going to call on a friend, was walking south on the walk in question when her right foot stepped into what she termed "some low place" causing her to lose her balance and fall into the ditch. She testified that she was on the walk over the tiling at the time she stepped into the depression and that she did not fall face foremost into the ditch but lengthwise thereof. She was not acquainted with the crossing, not having occasion to travel it; she had been down in that locality about a month before that in the daytime but did not know that she crossed on that walk, and at any rate did not know of its condition. The board located at the west edge of the walk extended above the flagstones, and, on cross-examination, when asked if she struck said board when she fell into the ditch, she said she didn't know, as it happened so quickly.

The objection is made that the petition fails to state a cause of action. No demurrer was filed, nor motion to have the petition made more definite and certain. The objection was merely to the introduction of any evidence under the petition because it failed to state a cause of action. An objection made in this manner is not effective against a petition which states

a cause of action however defectively. Such an objection can prevail only when the petition wholly fails to state any cause of action. Against such an objection every reasonable intendment which the allegations of the petition will justify must be made in favor of the petition. [Smith v. Wabash Railroad Co., 129 Mo. App. 413, l. c. 422; State ex rel. v. Delaney, 122 Mo. App. 239, l. c. 243.]

The point is made, however, that the petition wholly failed to state any cause of action because "a mere sinking down of the crossing or unevenness in it does not constitute an actionable defect." The cases cited do not sustain such a broad proposition. It is true cities are not required to make their sidewalks level and without incline or grade regardless of the topography. And where a sidewalk is not negligently constructed nor allowed to become unsafe or dangerous, an injury caused by a mere *slant* in the walk is not actionable. Neither is a city liable for a step-off rendered necessary in the construction of a walk, and which is maintained in a reasonably and ordinarily safe condition, and the plan of construction is not manifestly unsafe. But the defect complained of here is not a step-off resulting from the plan of construction and made necessary by the surrounding conditions or topography, nor was it a mere slant in the walk, as was the fact in the cases cited in support of the proposition contended for. Nor was it a mere rounded depression so slight as not to suggest to the mind of an ordinarily prudent and careful man that it was dangerous, as was the case in Hamilton v. Buffalo, 173 N. Y. 72. In said case, also, the fall occurred in the daytime and the person falling knew of the depression but it was not sufficient to cause him to think of it as dangerous. In the case at bar, the fall occurred at night, the plaintiff did not know of. the "low place" or step-off; and it was of such extent and character as to cause the treasurer of said city to report its exist-

ence to the mayor. And other persons in the vicinity had avoided crossing on the walk because of its condition.

It is next urged that the demurrer to plaintiff's evidence should have been sustained because there was a fatal variance between the allegations of the petition and the proof. This is on the theory that the petition alleged a defect in the walk and a fall thereon, while the evidence shows that plaintiff did not fall by reason of stepping into a defect in the walk, but that she fell because she carelessly walked into the ditch. A careful examination of the evidence in plaintiff's behalf discloses that she was not only on the walk but that she stepped into a "low place" on the walk just over the drain tile and opposite the end of the open ditch. And while some of the witnesses say the depression was "not more than an inch or two" their evidence discloses that what they really testified to was that the rock over the drain tile had sunk down at the west end some six or eight inches, and that the middle rock had sunk down until there was a drop of two inches at the edges thereof, that is, that the middle rock over the drain tile had sunk two inches lower than the flagstones on either side of the center stone. Under these circumstances, and in view of the jury's verdict, we cannot say that, as matter of law, the defect in the walk was not an actionable one, nor can it be said that there was a variance in the proof, or that the evidence conclusively shows that plaintiff merely walked into the ditch instead of falling from the walk into the ditch as a result of stepping into the depression. A step-off of only two inches at the center rock in *this particular place* and under the surroundings shown herein, would be sufficient to cause one walking in the dark, and not expecting it, to lose his balance and fall. At least it would be sufficient to require the question of the reasonable safety of the walk to be submitted to a jury.

Complaint is made of the refusal of defendant's instruction No. 5. This instruction bore on the question of the care required of plaintiff in walking over said walk. In four given instructions, three for the plaintiff and one for the defendant, the jury was told that plaintiff could recover only in case she was in the exercise of the care and caution that an ordinarily prudent person would exercise under like conditions and circumstances, and that she could not recover if she walked over the crossing in a negligent manner. Instruction No. 5 could, therefore, have been properly refused as being already covered by other given instructions. While it is true, an instruction in perhaps similar terms was held not to be erroneous in Ryan v. Kansas City, 232 Mo. 271, and the court refused to reverse the case because it was given, yet this is not a holding that a case should be reversed for failure to give such instruction when the question of the care required of plaintiff has been fully covered by other instructions. A close study of the language used by GRAVES, J., in the Ryan case, discloses that what is really decided is that the necessity of a citizen to use reasonable diligence to discover defects, is a part of and is included in the ordinary care always required, and not that the citizen must travel with his eyes glued to the sidewalk in order to discover defects not readily nor easily discernible; hence, as the instruction covered no more than ordinary care, it was not error to give it. And as such an instruction covers no more than the ordinary care required of persons using the streets, it is also not error to refuse it when other instructions have been given covering that point.

The other assignments of error are but amplifications of those hereinbefore considered.

The case was properly tried and we are unable to find any substantial reason for disturbing the verdict. The judgment is therefore affirmed. All concur.