EFFIE SHOPBELL, RESPONDENT, v. CITY OF ST. JOSEPH, APPELLANT.
—49 S. W. (2d) 301.

Kansas City Court of Appeals. May 2, 1932.

*Shultz & Owen* for respondent.

*Miles Elliott, Herman Hess* and *Morte H. Craig* for appellant.

ARNOLD, J.—This is an action in damages for personal injury. Plaintiff is the wife of William Shopbell, and they reside in the defendant city of St. Joseph in Buchanan county, Missouri.

The petition is formal and alleges defendant is a municipal corporation and a city of the first class; that Faraon Street and Diagonal Avenue and the intersection thereof are public thoroughfares of said city; that due notice in writing, verified by affidavit, setting forth the place where and the time when the injuries were received by plaintiff, the character and circumstances of said injuries, and that she (plaintiff) would claim damages therefor of said city, were filed by plaintiff, and further the petition alleges—"that at all times herein, there was a defective and dangerous sidewalk, by reason of

a broken and defective condition of the pavement in said walk, said defect being located in the concrete sidewalk on the south side of Faraon Street and seventeen inches east of the curb in said sidewalk, said curb being located at the intersection of said Faraon Street and Diagonal Avenue; said defect also being located directly south of an iron lamp post, said post being situated in the sidewalk pavement just west of the west end of a brick building, designed as No. 1104 Frederick Avenue and occupied by the Butler Motor Company; that said defect was caused by a portion of said concrete in said sidewalk, at said point, being broken and removed, thereby leaving an offset of about ten inches in said sidewalk; that by reason of said condition of said sidewalk, same was not reasonably safe for pedestrians traveling over same."

The petition further states the defendant knew, or by the exercise of ordinary care could have known of said defect and dangerous condition of said sidewalk and sidewalk space, in time, by the exercise of ordinary care, to have repaired the same, and negligently failed to do so; that on September 29, 1930, while in the exercise of ordinary care, and while walking over said broken sidewalk at said point, by reason of said defendant, plaintiff was caused to fall, thereby receiving injuries enumerated in the petition. Judgment is sought in the sum of $15,000.

Defendant unsuccessfully demurred to the petition upon the ground that it does not state facts sufficient to constitute a cause of action against defendant. After demurrer overruled, defendant filed answer admitting defendant is a municipal corporation, organized under the laws of the State of Missouri, and a city of the first class; that, at the time mentioned in the petition, Faraon Street and Diagonal Avenue were public thoroughfares in said city, and denying all other allegations of the petition. For further answer, defendant pleads contributory negligence of plaintiff, "in failing to use ordinary care to look and watch where she was walking and traveling and in failing to use her eyes and vision to observe where she was walking and in walking along and over the street and sidewalk mentioned in evidence without looking at or observing the same."

The cause was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $500. A motion for new trial was overruled and defendant has appealed.

Four assignments of error are urged, (1) that the court erred in refusing to sustain defendant's peremptory instruction in the nature of a demurrer at the close of plaintiff's case; (2) in refusing a similar instruction at the close of all the evidence; (3) in submitting the case to the jury, and (4) in overruling defendant's motion for a new trial, on the ground the court should have given defendant's

peremptory instructions. These charges of error, being closely related, may properly be considered together.

It is first urged that the maintenance of a stetp in a sidewalk for ascending or descending from one level to another does not constitute negligence on the part of a city. Cases in foreign jurisdictions are cited in support of this argument. Plaintiff declares this rule, if correct, has no application to a defect caused by a portion of the concrete in the walk being torn up, thereby creating a depression and step-off of about eight inches; and that the rule invoked by defendant is not the rule in this State.

The testimony shows that on September 29, 1930, at about 7:30 P. M., plaintiff and her husband, together with a young lady, were walking west on the sidewalk on the south side of Faraon Street, and when they reached a point where Faraon Street intersects Diagonal Avenue, plaintiff was injured by stepping on the broken end the concrete steps forming the sidewalk. There was introduced in evidence plaintiff's Exhibit A, which is a photograph of the sidewalk and curbing at the point where the accident is alleged to have occurred. This photograph is identified and all the testimony is to the effect that it correctly represents the situation at the time of the accident. From this exhibit and the testimony, we glean the following:

In the spring of 1930, in March, April or May, the defendant city, through a contractor, built a circular concrete curb at the intersection of Faraon Street with Diagonal Avenue. The curb is higher at the point where it starts to curve to the northeast and is there several inches lower than the surface of the sidewalk. The height from the pavement decreases as the curb proceeds to the north and east on the curve. Between the curb and the end of the sidewalk, there is a space some fifteen to eighteen inches in width which was filled with dirt or other substance to the top of the curb, but lacked some four and a half to five inches of being as high as the upper surface of the sidewalk slab. The end of the sidewalk was uneven and somewhat irregular, at the point where plaintiff is alleged to have fallen.

Testimony in plaintiff's behalf is to the effect that she stepped on the edge of this uneven concrete slab and fell. The sidewalk at that point is in two parallel slabs, one to the north and the other to the south, the offending slab being the one to the south.

Defendant points out that at the point in question the general surface of the sidewalk is some four or five inches higher than the top of the curb and the curb does not exceed four and a half inches above the surface of the street; that from the end of the sidewalk, the curb was a distance of fifteen to eighteen inches, which would be a-

bout the width of a tread in any easily ascending stairway; that while this space between the end of the sidewalk and the curb was not concrete, it was filled with dirt about level with the top of the curb. From this condition, defendant argues it is not liable for a "mere step in the sidewalk" rendered necessary by the grade or elevation of the sidewalk and street; that, at the point in question, defendant had either to extend the end of the sidewalk to the outer edge of the curb and thus make only one step down to the pavement, some eight and one-half to nine and one-half inches, or two steps of about four and one-half inches each, of which the curb was one (which was the case), or else make a slope from the surface of the sidewalk down to the level of the street. From this, defendant makes the deduction that the existence of a step in a sidewalk due to, or necessitated by, differences in elevation, does not constitute actionable negligence.

As a general rule, the observation is correct, but we agree with plaintiff in her statement that the rule has no application to a defect caused by a portion of the concrete in the sidewalk being torn up and left in that condition, creating a depression or step-off, of about eight inches; and this was the theory upon which this cause was tried. There is no testimony of record that defendant city did anything to repair the broken and elevated end of the sidewalk, or to build a step or decline. It is true, as stated by defendant, that the mere existence of a descent or step in the sidewalk of a municipality is not ordinarily an actionable defect, and it is not actionable negligence that such walks are not of the same level and there are no steps or declines, provided the difference is slight and there is no apparent danger. [7 McQuillin Munic. Corp., (2 Ed.) sec. 2975, pp. 174-5.] It is said in Biermann v. St. Louis, 120 Mo. 457, 464:

"The measure of defendant's duty was to exercise ordinary care to render its sidewalks reasonably safe for travel. Whether this sidewalk, with a perpendicular rise of six inches in it, on one of the principal thoroughfares of a great city like St. Louis, was in a suitable state of repair, was a question for the jury, under the circumstances."

A similar view is expressed in the following cases: Deland v. Cameron, 112 Mo. App. 704, 87 S. W. 597; Costello v. Kansas City, 209 Mo. App. 155, 161, 232 S. W. 165; Lundahl v. City, 209 S. W. 564; Stewart v. City, 223 Mo. App. 554, 558, 16 S. W. (2d) 607; Ryall v. Maplewood (Mo. App.), 201 S. W. 633; Moore v. Oil Co. (Mo. App.), 35 S. W. (2d) 669; Price v. City, 174 Mo. App. 698, 702, 161 S. W. 295. In all these cases involving off-sets, or defects in a sidewalk, the opinions hold the question of liability is for the jury.

Defendant insists there was a total failure of proof of negligence, if any, as alleged in the petition or specified in the notice to the city. The allegations of the petition already have been stated. The court was not in error in ruling the proof supports the petition. It is well established that a negligent act creates a liability, whether it be the sole cause of the injury, or only a contributing cause. The testimony was such that the jury could well find the condition of the sidewalk was, at least, a contributing cause of plaintiff's injury; that plaintiff stepped on the jagged and broken edge of the sidewalk, and by reason of its condition, fell was injured.

Defendant urges the negligence charged in the petition was that there was a defective condition of the sidewalk "caused by a portion of said concrete . . . being broken off and removed, thereby leaving an offset of about ten inches in the widewalk;" that the notice served by plaintiff stated it was "caused by a portion of said concrete . . . being broken and removed, thereby leaving an offset of about ten inches . . . thereby rendering said sidewalk not reasonably safe," etc. It is urged that neither the petition nor the notice specifies plaintiff was injured as a result of a portion of the walk breaking under her weight, but that the specification is the defect was caused by a portion of the walk having been broken and removed, rendering the walk not reasonably safe. It is pointed out that at one place in her testimony plaintiff said she did not know what caused her to fall; and her husband who was with her testified she was injured by reason of the concrete breaking away, or giving way, as she walked on it, and not by reason of a defect due to the concrete having been broken or removed before plaintiff's injury, which latter is the allegation of the petition and the specification in the notice. Thus it is argued there was no proof that plaintiff was injured as a result of a defect, as alleged in the petition, or specified in the notice; but, on the other hand, the proof shows she was not injured by reason, or as a result, of such defect; and that there is thus presented a total failure of proof.

We find a similar situation in Huggins v. City (Mo. App.), 12 S. W. (2d) 504, wherein it was alleged there was a defect in the sidewalk due to uneven surface, because the stones of the walk were not fitted together properly, thereby creating irregular joints with deep crevices between, in which a pedestrian's foot easily could be caught. The petition alleged the plaintiff's foot was caught in one of the crevices, and it was urged there was a variance between pleading and proof, because plaintiff testified that when she fell her foot "was loose and not caught" in one of the crevices. In that case the court said:

"We note that nowhere in the record do we find either timely or specific objection to the introduction of the evidence offered, of which

the appellant here now complains as being at variance with the allegations in plaintiff's petition, nor did the appellant, as defendant below, avail itself of section 1272, Revised Statutes 1919, by filing an affidavit of surprise. In this situation appellant is in no position to ask for a reversal of the judgment below upon the ground of the variance between the pleadings and proof, should any exist. [Sec. 1272, R. S. 1919; Fisher v. Realty Co., 159 Mo. 562, l. c. 566-569, 62 S. W. 443; Olive Street Bank of St. Louis v. Phillips, 179 Mo. App. 488, l. c. 492, 162 S. W. 721; Rundelman v. Boiler Works Co., 178 Mo. App. 642, 161 S. W. 609.] However, the point sought to be made that there is a variance between the pleadings and proof is without merit.''

In the case of Sneed v. City, 94 Mo. App. 426, 429, in passing upon a similar contention, this court said:

''The petition charged that plaintiff 'stepped or slipped into a hole in said sidewalk where the boards were loose and not properly nailed, causing her to fall violently forward on to said sidewalk,' etc. She stated, in giving her testimony, that instead of her foot slipping in a hole, the board sunk down in the hole and then her foot slipped in under another board and threw her. We do not regard this as a variance of such pronounced character as to be fatal. She charged that she slipped into the hole, and she testified that she stepped on the board which sunk into the hole when she slipped. There is no material difference in these statements.''

Also in Kuhn v. St. Joseph, 234 S. W. 353, 355, this court held:

''It is urged that there can be no recovery because the plaintiff's evidence shows that she did not trip or stumble, but merely slipped on the ice and fell. But it was dark, and plaintiff says she did not know whether she stumbled or not, but did not think she did. She does say, however, that she fell because of the rough ice, and fell on it, her feet slipping from under her. Her evidence very clearly shows that her fall was caused by the rough, bumpy, and ridgy condition of the snow and ice at that place. Just how or in what manner she fell is not the conclusively important feature, . . .''

No objection was made to the evidence introduced, nor was there any affidavit of surprise. As is said in the Kuhn case, ''just how and in what manner she fell is not the conclusively important feature.'' Therefore we hold defendant's contention that there is a variance between the pleadings and proof is without merit.

Finally, defendant urges there was no evidence that the city had any actual or constructive notice that the condition of the concrete sidewalk was such that it was likely to break or give way under a pedestrian. The record fails to support defendant in this contention. There was proof that the condition of the sidewalk in question

remained, from the time the contractor built the curbing, either in March, April or May, 1930, as shown by the photograph in evidence, until the date of the injury (September 29, of that year). The testimony further shows that the place of plaintiff's alleged injury is within a few yards of the city hall. There is no proof of actual notice in the record, but, under the facts in evidence, defendant properly could be charged with constructive notice, and that is sufficient. The proof shows the defect was not hidden, but was of such character that defendant, in the exercise of ordinary care, could have discovered it. We rule against defendant on this point.

Finding no reversible error of record, the judgment is affirmed. All concur.